**UNITED STEELWORKERS OF AMERICA, A.F.L–C.I.O.,**

and

United Steelworkers of America, A.F.L.-C.I.O., Local No. 6378, Plaintiffs-Appellees,

v.

**CASTER MOLD AND MACHINE CO.,** Defendant-Appellant.

No. 15913.

United States Court of Appeals Sixth Circuit.

May 13, 1965.

■■■■■■■■

Andrew Michaels, Akron, Ohio, Roetzel, Hunsicker & Michaels, Akron, Ohio, on the brief, for appellant.

Herschel Kriger, Canton, Ohio, for appellees.

Before PHILLIPS, Circuit Judge, McALLISTER, Senior Circuit Judge, and MACHROWICZ, District Judge.

PER CURIAM.

The Union, Plaintiff-Appellee filed an action in the District Court, under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to enforce an arbitration award.

Pursuant to a collective bargaining agreement, regarding which there is no contest, fourteen grievances were submitted to an arbitrator, who rendered a decision and award in favor of the Union on each grievance. The employer notified the Union it would comply with seven of the awards, but would refuse to comply with the remaining seven, whereupon the Union instituted this suit to enforce the arbitration awards.

In its answer, appellant admits the factual allegations of the complaint but alleges that the arbitrator acted beyond the scope of his authority, contrary to law, in violation of the contract agreement and against the weight of the evidence.

The District Court sustained the Union's motion for summary judgment and entered an order sustaining the arbitrator's awards.

In appealing from that order, the appellant raises two issues:

(1) Did the Court err in granting the Union's motion for summary judgment without acting on the appellant's motion to dismiss the affidavit and exhibit attached to the motion for summary judgment as failing to comply with Rule 56(e) of the Federal Rules of Civil Procedure?

(2) Were the arbitrator's awards outside the scope of the authority of the arbitrator, contrary to law and outside the scope of the provisions of the collective bargaining agreement?

With regard to the first of these issues, the exhibit objected to was a copy of the brief of the Union filed with the arbitrator. Though appellees contend that the only purpose of the brief was to apprise the Court what arguments were used before the arbitrator, it is our opinion that the District Judge should have acted on the motion to strike and should have ordered the exhibit stricken as improperly filed.

The appellant contends that failure to do so was reversible error and that the case should be remanded with instructions to act upon the motion to dismiss before passing upon the motion for summary judgment.

■■■ We believe the error of the Court was harmless and not reversible. The Court had before it the contract between the parties and the arbitrator's award, and there was no dispute of fact as to either of them.

The contract language is standard language contained in most collective bargaining agreements. The arbitration clause is very broad and the exclusionary clause very narrow. Article IX, Par. 5, states:

"* * * the parties agree to abide by the award made in connection with any such arbitrable dispute and such decision shall be final. General wage levels, the establishment of job classifications and merit increases shall not be subject to arbitration."

The grievances in dispute involved seniority rights, protection precautions, lay-offs, work assignments and right to take time off from work to attend funerals, as provided in the contract. None of these involved general wage levels, establishment of job classifications or merit increases, which were the only

issues excluded by the contract from arbitration.

The District Judge properly held that all the disputes were arbitrable and in doing so obviously did not consider the arguments contained in the brief, which was the disputed exhibit in the motion for summary judgment, for in his opinion he said:

"* * * judicial inquiry will not be made into the merits of the grievance and the correctness of the arbitrator's decision."

This was a correct statement of the law and this decision could be reached by disregarding the disputed exhibit and considering the pleadings, the contract and the award, all of which were properly before the District Judge. Under the facts before the Court, the appellant could not secure a review of the arbitration, which obviously he seeks in effect.

In United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, on page 599, 80 S.Ct. 1358, on page 1362, 4 L.Ed.2d 1424, the Court said:

"* * * the question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his."

This same ruling was made in United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403, to which the Court referred.

And in Retail Clerks, I. A. v. Lion Dry Goods et al., 341 F.2d 715, decided in this Court on February 23rd, 1965 we said:

"We agree with the appellee's contention that if the right to arbitration exists * * *, the rulings or awards of the arbitrators are final and not subject to review by the Court."

In the instant case, no question is raised that the right to arbitration exists.

As to the second issue raised in the appeal, the pleadings of both parties and exhibits attached thereto, exclusive of the one objected to, clearly sustain the District Judge's finding that the arbitrator acted within the scope of his authority, within the law, and within the scope of the provisions of the collective bargaining agreement between the parties.

The judgment of the District Court is affirmed.