**AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, CLEVELAND LOCAL, AFL–CIO, Plaintiff-Appellee,**

v.

**STORER BROADCASTING COMPANY, Defendant-Appellant.**

No. 80–3307.

United States Court of Appeals, Sixth Circuit.

Argued July 6, 1981.

Decided July 20, 1981.

---

Wilson Chockley & Davis E. Schreiner, Cleveland, Ohio, for defendant-appellant.

Thurlow Smoot, Cleveland, Ohio, for plaintiff-appellee.

Before EDWARDS, Chief Circuit Judge, WEICK, Circuit Judge, and WISEMAN,* District Judge.

PER CURIAM.

This is a very close case involving the discharge of one James Cox, a news reporter at WJKW–TV and an employee in the bargaining unit represented by the American Federal of Television and Radio Artists (AFTRA).

The clause under which Cox was terminated was Article 24 of the contract covering relationships between Storer and its news reporters. Article 24(b) reads:

(b) *Reasons for Termination.* The Company may terminate employment for insubordination, incompetence, misconduct, or any other just and sufficient cause,

and unsuitability for staff or program requirements.

The District Judge stated the procedural facts as follows:

Storer news director Virgil Dominic informed the grievant that he intended to discharge him. When Cox asked if he could resign and still receive severance and termination benefits, he was told he could. Cox said he would prepare a letter of resignation. After a change of mind over the weekend and a withdrawal of his offer to resign, Cox was discharged by news director Dominic on May 30, 1977, effective June 27, 1977. Storer's June 21, 1977 payroll notice listed the reason for termination as "just and sufficient cause pursuant to section 24–B of Storer/AFTRA Contract."

\* \* \* \* \* \*

Unresolved at the first and second steps of the grievance procedure the discharge of James Cox went to arbitration before Arbitrator David Ralph Hertz. The arbitrator sustained the discharge in an award, issued May 22, 1978.

Throughout the arbitration hearing Storer presented evidence concerning the claimed harassment of the Mayor of Brook Park and two of his employees while Cox was pursuing a news story, and additional evidence pertaining to Cox's alleged tardiness, absenteeism and misconduct. Cox denied the charges and filed a grievance which led to the underlying arbitration proceeding. After hearing, the arbitrator denied the grievance, stating, "The formal reason for terminating the grievant's employment was given as 'just and sufficient cause.' \* \* \* Thus, while the action was stated to be 'for just and sufficient cause,' suitability clearly played a part in concluding that termination was the appropriate action."

In his interpretation of the contract the District Judge treated unsuitability as a wholly different cause, unrelated to the term "just and sufficient cause" and re-

---

\* Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

manded to the arbitrator for reconsideration under the issue as "framed by the parties." The question he phrased was: "Did the evidence support the employer's discharge of Jim Cox for 'just and sufficient cause'?"

■ Recognizing as we do that the contract language involved in this dispute is ambiguous, we would agree with the District Judge's interpretation if we (or he) were free to do so. One of the strongest principles of labor/management law, however, is that the arbitrator is charged not only with deciding disputes of fact, he is also charged with interpreting the labor/management contract. *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *The Kroger Co. v. International Brotherhood of Teamsters*, 380 F.2d 728 (6th Cir. 1967); *United Steelworkers of America v. Caster Mold and Machine Co.*, 345 F.2d 429 (6th Cir. 1965).

■ We recognize, of course, that under *United Steelworkers of America v. Enterprise Wheel and Car Corp., supra*, 363 U.S. at 596, 80 S.Ct. at 1360, the arbitrator is confined to interpretation and application of the collective bargaining agreement, "yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement."

■ The ambiguous language of this contract does not, however, leave us with the conviction that the arbitrator went outside the bounds of permissible construction of "ambiguous contract language." *See Detroit Coil v. I.A.M. and A. Workers, Lodge 82*, 594 F.2d 575 (6th Cir.) *cert. denied*, 444 U.S. 840, 100 S.Ct. 79, 62 L.Ed.2d 52 (1979).

For these reasons we reverse and remand for entry of an order confirming the arbitrator's award in this case.