543 F.Supp. 256 (1982)
AUTOMOTIVE, PETROLEUM AND ALLIED INDUSTRIES EMPLOYEES UNION, LOCAL 618, etc., Plaintiffs,
v.
TOWN & COUNTRY FORD, INC., A Corporation, Defendant.
No. 81-1248C(2).
United States District Court, E. D. Missouri, E. D.
June 22, 1982.
Clyde E. Craig, Wiley, Craig, Armbruster, Wilburn & Mills, St. Louis, Mo., for plaintiffs.
John O. Harris, Michael E. Kaemmerer, Harris, Dowell, Fisher, McCarthy & Kaemmerer, Chesterfield, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
Plaintiff Teamsters Local 618 brought this cause of action pursuant to 29 U.S.C. §§ 152 and 185. Plaintiff instituted this suit to compel the defendant Town & Country Ford, Inc. to submit the discharge grievance of former employee C. L. Craft to the grievance procedure provided in the Collective Bargaining Agreement negotiated by the parties. Plaintiff alleges that it is entitled both to a permanent injunction requiring the defendant to abide by the Collective Bargaining Agreement and to damages in the amount of the wages and fringe benefits that Craft has lost since the date of his discharge.
This case was tried to the Court sitting without a jury. The Court having considered the pleadings, the testimony of the witnesses, the documents in evidence and the stipulation of the parties, and being fully advised in the premises, hereby makes the following findings of fact and conclusions of law, as required by Rule 52 of the Federal Rules of Civil Procedure.

FINDINGS OF FACT
1. Plaintiff, Automotive Petroleum and Allied Industries Employees Union, Local 618, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America is a voluntary unincorporated labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(5), (6) and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 152(5), (6) and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185.
2. Defendant Town & Country Ford, Inc., is a corporation organized under the *257 law for the purpose of engaging in the business of retail sales, services, and repairs of automotive equipment with its office and principal place of business in Clayton, Missouri. The defendant is an employer engaged in a business affecting commerce within the meaning of Sections 2(2), (6) and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 152(2), (6) and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185.
3. At all material times, the Union was the sole and exclusive collective bargaining representative of the employees of the defendant Town & Country Ford, Inc. in an appropriate collective bargaining unit of which employee C. L. Craft was a member.
4. The Employer and the Union have negotiated and executed a valid Collective Bargaining Agreement for the period commencing on the 1st day of August, 1981 and terminating on the 31st day of July, 1984.
5. The Collective Bargaining Agreement negotiated by the Employer and the Union provides for a grievance procedure by which union members may make complaints concerning the discharge or the layoff of employees. Article III, Section 3 of the Collective Bargaining Agreement provides:
Complaints regarding the layoff or discharge of members of the Union will be handled promptly in accordance with the grievance procedure herein provided. Such complaints must be filed in writing with the Company within five (5) working days from the date of notice of such layoff or discharge. Failure to present such grievance within such period shall constitute a bar to further action. The management must review and render a decision on the case within five (5) working days after receipt of the same. In the event the employee is reinstated as the result of grievance procedure, he shall be reinstated according to the findings of the committee.
Article VI, Section 3, which sets out the grievance procedure, further provides that "[c]omplaints regarding layoff or discharge will be handled promptly in accordance with the grievance procedure and must be filed in writing with the Union, copy to the employer, within five (5) working days from notice of such layoff or discharge."
6. The Union's normal procedure under the Collective Bargaining Agreement was to mail a copy of any grievance to the Employer concerned.
7. Pursuant to this procedure the plaintiff by its agents or representatives sent by certified mail a grievance concerning C. L. Craft dated July 27, 1981 to Town & Country Ford, Inc.
8. Subsequently, to the July 27th grievance, on August 12, 1981, defendant Town & Country Ford, Inc. discharged C. L. Craft. The plaintiff failed by its agents or representatives to timely serve the defendant with a copy of the grievance concerning the discharge of C. L. Craft by certified mail or any type of mail. In fact, the defendant has never been served with a written copy of the discharge grievance of C. L. Craft.
9. Due to the plaintiff's failure to serve the defendant with a timely written copy of the discharge grievance of C. L. Craft, Elmer Jung as representative of Town & Country Ford, Inc. would not hear the August 13, 1981 "grievance" of C. L. Craft at the September 18, 1981 grievance meeting at the Automobile Dealer's Association facility.
10. The two grievances of C. L. Craft dated July 27, 1981 and August 13, 1981 are the only two written grievances that have been brought by members of the Teamsters Local 618 against Town & Country Ford, Inc. pursuant to their Collective Bargaining Agreement.

CONCLUSIONS OF LAW
This Court has jurisdiction of this case pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185. This statutory provision provides a court with the power to resolve disputes concerning the "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." The plaintiff claims that it is entitled to an order *258 compelling the defendant to submit the discharge grievance of C. L. Craft to the grievance procedure provided in the Collective Bargaining Agreement executed by the plaintiff Teamsters Local 618 and the defendant Town & Country Ford, Inc. Therefore, the question of law presented by this case is whether it is a violation of this Collective Bargaining Agreement to refuse to hear a grievance which was never filed in writing with the employer, in the manner specified by Articles III and VI of the Agreement.
Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 provides district courts with the jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce..." The Supreme Court has interpreted this language as representative of Congress' intent to assign to the court "the duty of determining whether the reluctant party has breached his promise to arbitrate. For arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of America v. Warrier & Gulf Navigation Company, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). Therefore, the judicial determination required by 29 U.S.C. § 185 is confined to the question whether the reluctant party was bound to arbitrate, as well as what issues it must arbitrate as determined by the contract executed by the parties. Atkinson v. Sinclair Refining Company, 370 U.S. 238, 241, 82 S.Ct. 1318, 1320, 8 L.Ed.2d 462 (1962). The reasoning or policy behind these decisions is based upon the assumption that the duty to arbitrate has contractual origins, and therefore a court may not compel a party to submit to arbitration before a judicial determination that the collective bargaining agreement creates the duty to arbitrate the particular dispute or grievance in question. John Wiley & Sons v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1963). It naturally follows that the parties to a collective bargaining agreement may exclude specific issues from arbitration by the appropriate contractual language. Local 189, United Rubber, Cork, Linoleum and Plastic Workers of America v. Interco, Inc., 415 F.2d 1208, 1211 (8th Cir. 1969).
In an attempt to determine whether the parties to a collective bargaining contract have excluded certain issues from the arbitration procedure courts have attempted to distinguish between substantial and procedural arbitrability. The former concept is concerned with the question of whether the parties have contractually agreed to submit the issue to arbitration. It is generally held that this issue must be decided by the courts because a party may not be compelled to arbitrate an issue unless there was contractual consent. International Union, United Auto Aerospace and Agricultural Implement Workers of America v. Folding Carrier Corporation, a Division of Unarco Industries, Inc., 422 F.2d 47, 49. In contrast, the concept of procedural arbitrability encompasses the question of whether a grievance procedure applies to a particular dispute and whether the parties have followed or excused the particular procedure.
As a general rule, the arbitrator is called upon to decide questions of procedural arbitrability. Id. Despite the use of these concepts by the courts, the Supreme Court has recognized that labor disputes cannot always be broken down into their substantive or procedural aspects; "questions concerning the procedural prerequisites to arbitration do not arise in a vacuum." John Wiley & Sons v. Livingston, 376 U.S. at 558, 84 S.Ct. at 918. Therefore, these concepts cannot be applied in an absolutist fashion, nor do the concepts necessarily provide a workable analysis. The essential inquiry when determining the arbitrability of an issue should be the intent of the parties to the contract.
Applying these principles to the present dispute, the first step in the analysis is to interpret the collective bargaining contract and ascertain the intent of the parties. In Article III, Section 3 of the agreement, the parties explicitly provide that complaints concerning layoff or discharge of members of the Union "be filed in writing with the Company within five (5) *259 working days from the date of notice of such layoff or discharge. Failure to present such grievance within such period shall constitute a bar to further action." It is the opinion of this Court that it is obvious from this provision of the contract that the parties did not intend to commit every dispute to grievance and arbitration procedures. The existence of this language negates the conclusion that the parties regarded the requirement of filing a grievance with the company as a mere procedural formality to be dispensed with unilaterally. See Philadelphia Printing Pressmen's Union v. International Paper Co., 648 F.2d 900 (3rd Cir. 1981). Therefore, requiring the defendant to submit the Craft discharge grievance to the grievance procedures provided in the agreement would be in contravention of the plain language of the agreement and the intent of the parties to the contract. Therefore, plaintiff's request for an order requiring the defendant to submit the discharge grievance to the grievance procedures described in the Collective Bargaining Agreement will be denied.
Accordingly, judgment will be entered for the defendant.