582 F.Supp. 860 (1984)
PAINTERS DISTRICT COUNCIL NO. 2, et al., Plaintiffs,
v.
TIGER STRIPERS, INC., Defendant.
No. 83-2100C(1).
United States District Court, E.D. Missouri, E.D.
April 9, 1984.
*861 John A. Turcotte, Jr., St. Louis, Mo., for plaintiffs.
James M. Talent, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on defendant's motion to dismiss the claims of plaintiff Painters District Council No. 2 for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. Defendant contends that plaintiff Painters District Council No. 2 (hereinafter "Painters") failed to exhaust mandatory contractual remedies.
Plaintiffs are Painters, a union representing employees of defendant, and the trustees of several trust funds. These trust funds are referred to, in plaintiffs' First Amended Complaint, as the Pension Trust, the Welfare Trust, the Vacation Trust, and the Apprenticeship Trust. Painters and defendant have been parties to collective bargaining contracts, including a contract that covered the period from January 2, 1980, to December 31, 1982, and a contract that is currently covering the period from January 27, 1983, to November 30, 1985. Plaintiffs' cause of action arises out of section 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185, and section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1145. Plaintiffs allege that defendant was and is obligated, under the aforesaid collective bargaining agreements, to make weekly reports on its employees, to contribute on a weekly basis to the aforesaid *862 trusts, to remit union dues to Painters, and to pay employees covered by the collective bargaining agreements wages at the rate provided in said agreements. Plaintiffs further allege that defendant has not met said obligations and is therefore violating the collective bargaining agreements and § 515 of ERISA. Plaintiffs seek injunctive relief, liquidated damages, and an accounting to determine the amount of contributions that are due but unpaid.
Defendant moves to dismiss the claims of Painters on the ground that the complaint fails to allege exhaustion of contractual remedies. Defendant contends that the absence of this allegation deprives this Court of subject matter jurisdiction of Painter's breach of contract claim under § 301 or, in the alternative, that without an allegation that Painters exhausted the remedies contained in the collective bargaining agreements the complaint fails to state a claim upon which relief can be granted. Painters responds to defendant's motion with the following arguments: 1) the claim that Painters failed to exhaust contractual remedies is an affirmative defense and was waived by defendant's failure to include it in its answer; 2) if defendant's claim is properly assertable by way of a Rule 12(b) motion, then it was waived by defendant's failure to make said motion with or prior to filing its answer; 3) if defendant's claim was not waived, then it is without merit because the grievance procedure provided in the current contract is voluntary rather than mandatory; 4) even if the contractual remedies are mandatory, Painters is not required to exhaust said remedies because they only apply to "employees" and are not available to Painters; and 5) even if the contractual remedies are mandatory and are available to Painters, it would be inequitable to require Painters to exhaust said remedies because defendant will assert that Painters is time-barred by failing to utilize said remedies within the time specified in the contracts.
Preliminarily, it must be emphasized that defendant's motion is directed only at the claims of Painters. The Eighth Circuit, United States Court of Appeals, recently made it clear that pension plan trustees may sue an employer in federal court for breach of the collective bargaining contract and ERISA violations without first exhausting the contractual grievance procedures mandated by the collective bargaining agreement, where said trustees could not utilize said procedures. Robbins v. Prosser's Moving and Storage Co., 700 F.2d 433 (8th Cir. en banc), cert. granted, ___ U.S. ___, 104 S.Ct. 66, 78 L.Ed.2d 81 (1983). Accord, Trustees of Local 478 Trucking and Allied Industries Pension Fund v. Siemens Corp., 721 F.2d 451 (3d Cir.1983). Therefore, even though this Court grants defendant's motion, it does not affect the trustees' claims against defendant for contributions to their respective trusts.
The rule of law that defendant relies on is well-settled. A prerequisite to a federal court action under LMRA § 301 for breach of a collective bargaining contract is exhaustion of any mandatory contractual remedies, including arbitration. Clayton v. Automobile Workers, 451 U.S. 679, 686-89, 101 S.Ct. 2088, 2093-95, 68 L.Ed.2d 538 (1981); Republic Steel v. Maddox, 379 U.S. 650, 652-53, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965); Rainey v. Missouri Utilities Co., 596 F.2d 310 (8th Cir.1979); Mason v. Continental Group, Inc., 569 F.Supp. 1241 (N.D.Ala.1983); Bruce v. K-Mart Corp., 568 F.Supp. 378 (W.D.Ark.1983). This rule has its foundation in Congress' express approval of contract grievance procedures as the preferred method of settling disputes and in the belief that a contrary rule would threaten the viability of the agreed-upon procedures. Republic Steel, 379 U.S. at 652-53, 85 S.Ct. at 616. It also has its foundation in the federal labor policy favoring arbitration of labor disputes. Gateway Coal Co. v. United Mine Workers of America, 414 U.S. 368, 94 S.Ct. 629, 38 L.Ed.2d 583 (1974); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).
*863 Initially, this Court must consider Painters' arguments that defendant waived the claim of failure to exhaust contractual remedies by defendant's failure to include said claim in defendant's answer or to raise it in a Rule 12(b) motion, Fed.R.Civ.P. 12(b), filed with or prior to defendant's answer. This Court rejects Painters' argument that failure to exhaust contractual remedies is merely an affirmative defense that is waived if not asserted in an answer. As stated, supra, exhaustion of mandatory contractual remedies is a prerequisite to the right of an employee, union, or employer to bring a federal court action under § 301 for breach of a collective bargaining contract. It is not clear whether the absence of this prerequisite should be characterized as a lack of subject matter jurisdiction or as a failure to state a claim upon which relief can be granted. It could be the former because § 301 is the basis of federal court jurisdiction in breach of labor contract cases. It could also be the latter because the claim does not lie unless this prerequisite is first satisfied. However, the proper nomenclature is not material to answering Painters' argument, as it is clear that failure to exhaust contractual remedies is not a mere affirmative defense. Moreover, defendant's failure to raise this in an earlier Rule 12(b) motion does not result in a waiver. Rule 12(h)(2) provides that the defense of failure to state a claim upon which relief can be granted can be made for the first time in a motion for judgment on the pleadings. Fed.R.Civ.P. 12(h)(2). This Court may properly construe defendant's motion as one for judgment on the pleadings. Fed.R.Civ.P. 12(c). Finally, Rule 12(h)(3) provides that a district court "shall dismiss the action" whenever it appears that subject matter jurisdiction is lacking. Fed.R.Civ.P. 12(h)(3). Accordingly, this Court may properly reach the merits of defendant's motion.
Painters argues that the contractual remedies provided in the current contract[1] are neither mandatory nor available to Painters. The contract provides, in pertinent part, as follows:

The Joint Board shall have the power to adjust and settle all disputes, including safety disputes, and grievances that may arise under the terms of this Agreement, to resolve and determine all conflicts between the parties concerning the interpretation of the provisions of this Agreement, and to make and promulgate such rules and regulations as may be deemed necessary to give force and effect to the intent, purpose and meaning of this Agreement. The Joint Board shall also have the power to demand of the parties hereto the production of all records deemed relevant by the Joint Trade Board to any case where an alleged violation of this Agreement is involved. With reference to the foregoing matters, the decisions, determinations, rulings and orders of a majority of the Joint Board shall be final and binding to the parties of this Agreement. Should any dispute or grievance arise under any of the terms of this Agreement, the aggrieved employee or employees must file the grievance in writing within five (5) working days of the occurrence of said grievance in order for the grievance to be timely.

When a grievance has been timely filed, the Employer's Representative or Foreman and the District Council Representative shall meet jointly within five (5) working days after the grievance has been filed in writing, to resolve the dispute.

If the parties of the aforesaid District Council and the Employer do not succeed in the solution of the matter, then the issue may be submitted to the Joint Trade Board to be processed in the manner set forth under this Section. *864 If the Joint Trade Board deadlocks or otherwise fails to decide any grievance or dispute, either party may, within 30 days following said deadlock or failure, refer the grievance or dispute to arbitration by filing a written request with the Secretary of the Board, with copy served on the opposing party. On receipt of such notice, the Joint Trade Board shall choose an arbitrator. If the Board cannot agree on an arbitrator, it shall promptly request a list of arbitrators from the Federal Mediation and Conciliation Service. On receipt of such a list, the Chairman and Secretary of the Board shall select an arbitrator from such list in accordance with the rules and regulations of the FMCS.
The arbitrator shall have no authority to alter in any way the terms and conditions of this Agreement, and shall confine his decision to a determination of the facts and an interpretation and application of this Agreement.
(emphasis added). Painters relies on the use of the term "may," in the second and third last paragraph above, in connection with referring disputes to the Joint Trade Board and to arbitration, to support its argument that the grievance procedures in the contract are voluntary rather than mandatory. In addition, Painters points out that the prior contract used the term "must" in connection with referring disputes to the Joint Trade Board. Painters concludes that "[a] comparison of these two provisions leads to the inescapable conclusion that in the current agreement, the parties intended to make resort to the Joint Trade Board a voluntary step." Plaintiffs' Suggestions In Opposition To Defendant's Motion to Dismiss at 3.
This Court rejects Painters' argument because it runs counter to the settled federal policy of construing labor contracts in favor of finding mandatory grievance procedures. The Supreme Court articulated this policy in United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960):
In the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail ....
Id. at 584, 80 S.Ct. at 1354. Where a collective bargaining agreement is ambiguous with respect to the effect of its arbitration provisions, doubts should be resolved in favor of arbitration. Ceres Marine Terminals, Inc. v. International Longshoremen's Association, Local 1969, 683 F.2d 242, 244 (7th Cir.1982). Moreover, several courts have considered the effect of using the term "may" in a grievance procedure and expressly rejected the argument being pressed by Painters. Ceres Marine Terminals, 683 F.2d at 246; Bonnot v. Congress of Independent Unions Local No. 14, 331 F.2d 355, 359 (8th Cir.1964). This Court is not persuaded that the use of the term "may" in the contract in question herein, is such an express indication of the parties' intent to make the grievance procedure permissive as to overcome the federal policy in favor of mandatory arbitration and the decisions construing similar language. Use of the term "may" is ambiguous at best, when read in connection with the broad authority given to the Joint Trade Board.
To support its argument that the grievance procedure is available only to employees and not to the union itself, Painters relies on the provision in the second paragraph of the contractual language quoted, supra, that "the aggrieved employee or employees must file the grievance." However, again this argument must be rejected on the basis of the federal policy favoring arbitration of labor disputes. Unions, like Painters, are the exclusive collective bargaining agents for the employees they represent, 29 U.S.C. § 159, and "the grievance procedure is ... a part of the continuous collective bargaining process." Warrior & Gulf Navigation Co., 363 U.S. at 581, 80 S.Ct. at 1352. The dispute in the case at bar is being asserted by Painters as the agent of the employees. Moreover, the first sentence of the first paragraph of the contract provisions quoted, supra, states that the Joint Trade Board has the power *865 to "resolve and determine all conflicts between the parties concerning the interpretation of the provisions of this Agreement." (emphasis added). Painters is an express "party" to the contract. Therefore, there is little doubt that the mandatory contractual grievance procedures are available to Painters and Painters must exhaust those procedures prior to prosecuting the dispute in this Court.
Painters' final argument is that it would be inequitable to dismiss its claims due to its failure to exhaust, because when it attempts to utilize the contractual grievance procedure defendant will successfully rely on the defense that the grievance is time-barred. Painters contends that it will thereby be deprived of a forum and a remedy for the alleged contract violations. The issue of whether Painters' contractual dispute with defendant is procedurally subject to resolution by the Joint Trade Board and/or an arbitrator, is normally a question for the Board or the arbitrator, not this Court. Automotive, Petroleum and Allied Industries Employees Union, Local No. 618 v. Town and Country Ford, Inc., 709 F.2d 509 (8th Cir.1983). However, this is not a normal case. The union believed that the contractual grievance procedure was neither mandatory nor available to it. Although Painters' belief was without merit, as held herein, it was not unreasonable. To now hold Painters to the time period specified in the contract for initiating the grievance procedure  here, five (5) days from the occurrence complained of  would neither be fair nor serve to further the purposes of the exhaustion requirement.
Accordingly, this Court grants defendant's motion to dismiss and Painters' claims shall be processed through the grievance procedure. However, for purposes of applying the five (5) day period for initiating the grievance machinery under the current[2] contract, said period shall be deemed to begin running on the date of filing of this Order and Memorandum. The claims of Painters are dismissed without prejudice.
NOTES
[1] Painters admits that the contractual grievance procedure in the prior contract was both mandatory and available to Painters. Because Painters relies on breaches of the prior contract as part of the basis of its claims, there is no doubt that Painters is required to exhaust the contractual procedures prescribed in that contract. The fact that that contract has expired is not relevant.
[2] As discussed, supra note 1, Painters had no argument that it was not obligated to exhaust the grievance procedures of the prior contract. Therefore, the procedural timeliness of Painters' dispute with respect to the prior contract is not determined by this Court.