**C.L. CRAFT, Plaintiff,**

v.

**AUTOMOTIVE, PETROLEUM AND ALLIED INDUSTRIES EMPLOYEES UNION, LOCAL 618, et al., Defendants.**

No. 84–1410C(5).

United States District Court,
E.D. Missouri.

Sept. 28, 1984.

C.L. Craft, pro se.

George O. Suggs, St. Louis, Mo., John O. Harris, Chesterfield, Mo., for defendants.

## MEMORANDUM

LIMBAUGH, District Judge.

This case is before the Court on the motions of the defendants for summary judgment. The defendants argue that the plaintiff's claim is barred by the statute of limitations.

The plaintiff's cause of action arose out of a strike vote held on November 22, 1983,

after which the union representative told the plaintiff he had exhausted all contractual alternatives and that the union would no longer pursue plaintiff's grievance. The facts indicate that plaintiff was discharged from his employment on or around August 12, 1981. The Collective Bargaining Agreement between plaintiff's union and employer provided that plaintiff had five days in which to file his discharge grievance with his employer. Plaintiff's employer refused to consider the grievance, stating that it was not timely filed following which the union brought an action in federal court on the plaintiff's behalf.[1] Ultimately, the Eighth Circuit Court of Appeals ordered the employer and union to submit the plaintiff's discharge grievance to arbitration in accordance with the terms of the Collective Bargaining Agreement.[2]

On November 14, 1983, the Automobile Dealers Association Committee considered the plaintiff's grievance and was unable to agree upon whether it was timely filed. According to the provisions of the Collective Bargaining Agreement, Article VI, section 6, if the joint committee could not arrive at a majority decision within the allotted time, the union could go out on strike. On November 22, 1983, the union held a meeting to allow its members to decide whether or not to strike on plaintiff's behalf. The plaintiff attended the meeting and was allowed to vote. The majority of the members voted not to strike.

Following the vote count, David L. Lindsey, a trustee and assistant business representative of the union, informed plaintiff of the strike vote results and that the union would not take any further action for plaintiff. Mr. Lindsey sent the plaintiff a letter on December 1, 1983, reiterating the union's position regarding the plaintiff's matter.

On June 15, 1984, plaintiff filed complaint in this Court against his former em-

1. *Automotive, Petroleum and Allied Industries Employees Union, Local 618, etc. v. Town and Country Ford, Inc.,* 543 F.Supp. 256 (E.D.Mo. 1982).

2. 709 F.2d 509 (8th Cir.1983).

ployer and the union. Plaintiff alleged that the union should not have allowed the members to decide whether or not to strike and urged other grievances. These acts are alleged to be in violation of § 301 of the Labor Management Relations Act of 1947 (LMRA). 29 U.S.C. § 185. The defendants have moved for summary judgment on the ground that the plaintiff's claim is barred by the statute of limitations.

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." F.R.Civ.P. 56(c). *See also Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing upon a motion for summary judgment, a court is required "to view the facts in the light most favorable to the party opposing the motion." *Vette Co. v. Aetna Casualty and Surety Co.*, 612 F.2d 1076 (8th Cir.1980).

In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court considered the question of what period of limitations should govern in an employee's hybrid § 301/fair representation suit against an employer and a union. The Court held in *DelCostello* that the six-month period of limitation provided in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), should govern in hybrid § 301/fair representation suits.

The defendants rely on *DelCostello* to support their argument that the plaintiff's complaint is barred by the statute of limitations. Summary judgment will be granted since there is no genuine issue of material fact with respect to the statute of limitations question. The sole legal issue involved in the case concerns the time that the plaintiff's cause of action accrued.

▇ It is clear that a hybrid § 301/fair representation claim against both an employer and a union accrues on the date the employee's grievance is finally rejected and his avenues of recourse through the grievance procedure outlined in the Collective Bargaining Agreement are exhausted. *Butler v. Local Union 823, International Brotherhood of Teamsters*, 514 F.2d 442, 449 (8th Cir.1975), *cert. denied* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975); *Collins v. American Freight System, Inc.*, 559 F.Supp. 1032, 1036 (W.D.Mo.1983); *Wilcoxen v. Kroger Food Stores*, 545 F.Supp. 1019, 1021 (E.D.Mo.1982). The accrual rule has remained the same since the *DelCostello* decision. In this case, the plaintiff's grievance was finally rejected on November 22, 1983, when the union members voted not to strike. After the strike vote, the union representative orally informed the plaintiff that the union would no longer pursue the plaintiff's grievance and confirmed this by letter of December 1, 1983.

Accordingly, this Court finds that the plaintiff's claim accrued, at the very latest, on December 1, 1983. As this case was filed on June 15, 1984, more than six months after the claim accrued, plaintiff's claims are barred by the applicable six-month period of limitations and defendants' motion for summary judgment is granted.

Dated this 28th day of September, 1984.