James B. CHAMBERS, Plaintiff-Appellant,

v.

BEAUNIT CORPORATION, Defendant-Appellee.

No. 18385.

United States Court of Appeals Sixth Circuit.

Nov. 20, 1968.

Bernard H. Cantor, Johnson City, Tenn., for appellant.

Ferdinand Powell, Jr., Johnson City, Tenn., for appellee.

Before WEICK, Chief Judge, COMBS, Circuit Judge, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal from an order of the District Court for the Eastern District of Tennessee, Northeastern Division, granting summary judgment in favor of Beaunit Corporation, defendant-appellee. James B. Chambers, plaintiff-appellant, brought this action in the District Court to recover damages which he alleged arose out of a wrongful discharge in violation of a collective bargaining agreement then in force between Beaunit Corporation and Local 2207, United Textile Workers of America, A. F. of L., of which Chambers was a member. United Textile Workers of America and its local union, Watauga Rayon Workers Union, Local 2207, hereafter referred to as the union, were joined as parties plaintiff, but do not prosecute this appeal. The complaint below alleged that jurisdiction was based upon Section 301 of the Labor Management Relations Act, (Section 185, Title 29, U.S.C.). The parties herein will be referred to as plaintiff and defendant.

At the time of the events giving rise to the action herein, plaintiff was employed as a mechanic at defendant's plant at Elizabethton, Tennessee, under a collective bargaining agreement between defendant and the union. On September 1, 1966, plaintiff admitted that he had been operating a "country store" from his locker, in violation of company rules. Defendant gave plaintiff the option of voluntarily resigning from defendant's employ or being discharged. Plaintiff, without consulting any union official,

chose the first alternative. The union subsequently attempted through informal negotiations with defendant to work out a mutually acceptable solution to the problem. The defendant offered plaintiff early retirement which plaintiff refused to accept. On December 6, 1966, the union filed a formal grievance on behalf of plaintiff stating that plaintiff "was unjustly dealt with by management on September 1, 1966, by requesting that he resign or be fired."

Article 4 of the collective bargaining agreement, titled "Discipline or Discharge" provides:

"In the event an employee shall be disciplined or discharged by the Employer and the Union believes he or she has been unjustly dealt with, such discipline or discharge shall constitute a case arising under the method of adjustment of grievances provided for herein. * * * All such cases of discipline or discharge shall be taken up within ten (10) working days from the date of such discipline or discharge or the employee or employees waives his or their rights herein."

The grievance procedure is described in Article 3, and provides for "final and binding" arbitration of all grievances arising out of the "interpretation and application" of, among other articles, Article 4. Article 3 provides:

"No grievance shall be presented more than ten (10) days after the affected employee or employees have knowledge of such grievance or appealed more than ten (10) days after it has been answered by the Employer at any step of the grievance procedure."

Because no satisfactory solution could be worked out between the parties, the grievance was submitted to arbitration, as provided in the collective bargaining agreement. On February 27, 1967, the arbitrator denied the grievance, stating:

"There is no alternative under the contract except to deny the grievance for lack of timeliness, regardless of the substantial questions raised by the Union upon the merits of the case. The resignation occurred on September 1, 1966, and the written grievance was not filed until December 6, 1966, more than three months after the occurrence of the protested event."

On May 5, 1967, plaintiff filed his complaint in the District Court alleging that his "discharge" was "unjust and discriminatory." He further alleged that defendant, by false and fraudulent representations, led the plaintiff to believe that he would receive a fair settlement of his complaint so that he was lulled into not filing his formal grievance within the time specified in the contract, which resulted in the arbitrator's refusal to pass on the merits of the grievance. Based upon the pleadings and exhibits admitted into evidence at the pre-trial conference, the District Judge entered summary judgment in favor of the defendant and dismissed the complaint.[1] The plaintiff then appealed to this Court.

 The Supreme Court has made it clear that arbitration is the desired method of settling labor disputes. "A major factor in achieving industrial peace is the inclusion of a provision for arbitration of grievances in the collective bargaining agreement." United Steelworkers of America v. Warrior & Gulf Co., 363 U.S. 574, 578, 80 S.Ct. 1347, 1350, 4 L.Ed.2d 1409. See also United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers etc. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424. The preferred method of

---

1. Although the trial judge held that the Court lacked jurisdiction over an action such as this, he specifically found that "under article 4 of the agreement the plaintiff Mr. Chambers was required to submit the issues surrounding his discharge to arbitration. * * * This being true, this Court cannot, under the guise of interpreting the grievance procedures of this collective bargaining agreement, usurp the function entrusted to the arbitration tribunal, * * * as to procedural matters which are left to the arbitrator for adjudication."

settlement of labor disputes is that provided for by the parties in the collective bargaining agreement. Section 203(d) of the Labor Management Relations Act, (Section 173(d), Title 29, U.S.C.) states, "Final adjustment by a method agreed upon by the parties is declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective-bargaining agreement * *." The fostering of good industrial relations makes it imperative that courts give effect to the bargained for and agreed upon method of settling grievances.

In the instant case, the collective bargaining agreement provided for "final and binding" arbitration of grievances concerning an employee's belief that he had been dealt with or discharged unjustly. In accordance with this contractual obligation, the plaintiff's grievance was submitted to the arbitrator. Had plaintiff instituted this action prior to seeking arbitration, the District Court would have been compelled to dismiss the action because the plaintiff had not followed the grievance procedures, including arbitration, provided for in the collective bargaining agreement. Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580; Local 748 of Int. U. of E. R. & M. Wkrs. v. Jefferson City Cab Co., 314 F.2d 192 (C.A.6), cert. den. 373 U.S. 936, 83 S.Ct. 1539, 10 L.Ed.2d 690; Broniman v. Great Atlantic & Pacific Tea Co., 353 F.2d 559 (C.A.6), cert. den. 384 U.S. 907, 86 S.Ct. 1343, 16 L.Ed.2d 360. Where arbitration is provided for by contract the Court's function is limited solely to determining if the dispute is subject to the contractual requirement of arbitration. Steelworkers v. American Mfg. Co., *supra*. The merits of a dispute subject to an arbitration clause in a collective bargaining agreement is outside the purview of judicial examination or consideration. A party is entitled to no more than he bargained for and received under the contract.

An arbitrator is confined to interpretation and application of the collective bargaining agreement. The parties bargained for the "final and binding" decision of an arbitrator and "if the right to arbitration exists * * *, the rulings or awards of the arbitrators are final and not subject to review by the Court." Retail Clerks, I. A. etc. v. Lion Dry Goods, 341 F.2d 715 (C.A.6), cert. den. 382 U.S. 839, 86 S.Ct. 87, 15 L. Ed.2d 81. See also, United Steelworkers of America v. Caster Mold and Machine Co., 345 F.2d 429 (C.A.6). Only in those limited instances in which the arbitrator exceeds the authority granted him and makes an award which does not "[draw] its essence from the collective bargaining agreement" may a court refuse enforcement of the award. Steelworkers v. Enterprise Corp., *supra*.

The arbitrator in the present case never considered the merits of plaintiff's claim because he held that the grievance was untimely filed. The question of whether a grievance is timely filed is a procedural question, which, under the Supreme Court's holding in John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898, is left to the arbitrator for decision. See also, Western Auto M. Screw Co. v. International U., U. A., A. I. W. A., 335 F.2d 103 (C.A.6); Avco Corp., Electronics and Ordnance Div. v. Mitchell, 336 F.2d 289 (C.A.6); Rhine v. Union Carbide Corp., 343 F.2d 12 (C.A.6); American Radiator & Stand. San. Corp. v. Local 7 of Int. Bro., 358 F.2d 455 (C.A.6). The arbitrator considered the issue of timeliness and held against plaintiff. The arbitrator rejected plaintiff's claims that defendant lulled plaintiff into failing to file his grievance within the time limits of the collective bargaining agreement. The arbitrator stated:

"If the Union desired to protect its right to grieve the present issue to the point of arbitration under Article 3, it was incumbent upon the Union to file a timely written grievance pending the outcome of its discussions with the Plant Manager."

What plaintiff is attempting to do in this action is impeach the award of the arbitrator which was entered in accordance with the collective bargaining agreement. "When the judiciary undertakes to determine the merits of a grievance under the guise of interpreting the grievance procedure of collective bargaining agreements, it usurps a function which under that regime is entrusted to the arbitration tribunal." Steelworkers v. American Mfg. Co., *supra*, 363 U.S. at p. 569, 80 S.Ct. at p. 1347. Plaintiff cannot bring an action in the District Court which raises the same issues that were required to be submitted to "final and binding" arbitration as provided in the collective bargaining agreement in effect between the union and the defendant.

The judgment of the District Court is affirmed.