Edward L. NELSON, Plaintiff,

v.

The GREAT WESTERN SUGAR COM-
PANY, a Delaware Corporation,
Defendant.

Civ. A. No. 77–A–398.

United States District Court,
D. Colorado.

Oct. 13, 1977.

McKendree & Lubin, by Clay R. Smith,
Denver, Colo., for plaintiff.

James R. Benson, Jr., Denver, Colo., for
defendant.

MEMORANDUM OPINION AND ORDER

ARRAJ, District Judge.

Plaintiff brings this action under 29
U.S.C. § 185 to compel the defendant to
proceed to arbitration of his discharge from
defendant's employ. Defendant moved for
summary judgment on its defense of laches,
and a hearing on that issue was held on
August 19, 1977. At that time the court
informed the parties that it would consider
the matter as if cross motions for summary
judgment had been filed. The court invited
the parties to submit any additional issues
of fact material to such motions. Defend-
ant filed an affidavit, which the court has
considered together with the briefs and ar-
guments of the parties.

I

Plaintiff was discharged on September 2,
1976, after working at Great Western's
Ovid Colorado plant for sixteen years. On
August 22, 1976 plaintiff had informed his
supervisor that he would be gone for a few
days in order to seek medical treatment for
an arthritic condition. Defendant viewed
the absence as unexcused and discharged
plaintiff. Plaintiff learned of his termina-
tion on September 7, 1976; on the following
day his attorney wrote defendant protest-
ing the discharge. Defendant responded by
advising plaintiff that he should have filed
his complaint with his union within the time
limits of the controlling collective bargain-
ing agreement. Plaintiff made a formal
request for arbitration of his discharge on
April 3, 1977; defendant denied the request
on April 11, 1977.

Defendant argues that the alleged failure
of plaintiff to comply with the time limits
set forth by the collective bargaining agree-
ment constitutes laches, and should pre-
clude plaintiff from obtaining arbitration of
his discharge. Plaintiff contends that (1)
the September 8, 1976 letter was a timely
grievance within the terms of the collective
bargaining agreement, and (2) whatever
the merits of defendant's laches defense, it
should be passed on by the arbitrator rather
than by this court.

Since there is no question that the under-
lying dispute (the justness of plaintiff's dis-
charge) is a proper subject for arbitration,
the only issue before the court is whether

the defense of laches should be considered by the court or referred to the arbitrator.

## II

The answer to this question begins with *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). There the employer argued, *inter alia*, that it was not obligated to proceed to arbitration because the union had not attempted to exhaust the grievance procedure provided by the collective bargaining agreement before demanding arbitration. The Court rejected that argument, recognizing that questions of substance and procedure are often closely intertwined, and that a determination of whether a grievant's claim should be barred for procedural reasons often involves a consideration of the underlying substantive dispute. The Court concluded that:

> Once it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, "procedural" questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator. 376 U.S. at 557, 84 S.Ct. at 918.

As mentioned above, the underlying subject matter of the instant dispute is clearly a proper subject for arbitration. *John Wiley* suggests, then, that an arbitrator, and not this court, should hear and rule on defendant's procedural defense of laches.

Defendant attempts to distinguish *John Wiley* by pointing out that the bargaining agreement in that case was more broadly worded than that involved in the instant case; it strenuously urges that it never intended its arbitration agreement to extend to the issue of laches. What defendant fails to recognize is that its arbitration agreement *does* cover the underlying substantive dispute in this case (plaintiff's discharge)—thus whether or not the defendant also intended matters of procedure to be arbitrated is beside the point, in light of *John Wiley*'s holding that procedural questions growing out of a substantively arbitrable dispute are to be decided by the arbitrator.

A limited exception to the rule of *John Wiley* has been recognized by the Tenth Circuit, when the laches complained of involves evasive and dilatory practices in proceedings before a district court. In *Reid Burton Construction, Inc. v. Carpenters District Council of Southern Colorado*, 535 F.2d 598 (10th Cir. 1976), *cert. den.*, 429 U.S. 907, 97 S.Ct. 272, 50 L.Ed.2d 188 (1976), the union involved had originally claimed that it was not a party to the collective bargaining agreement at issue, later admitting to the court that it was nonetheless bound by that agreement. The court in *Reid Burton* held that the employer's agreement to arbitrate disputes involving the "application or interpretation of the terms of this agreement" [535 F.2d at 602] did not prevent a district court from considering a defense of laches based on practices before the court. Indeed, the court held that any agreement attempting to so limit the court would be outside the proper scope of a collective bargaining agreement—since courts must "maintain judicial control of their own proceedings." [535 F.2d at 603]. The laches claimed in the instant case follows from plaintiff's alleged failure to adhere to the time limits of the collective bargaining agreement rather than from any conduct before the court. The rationale of *Reid Burton* does not apply here.

## III

The Tenth Circuit has consistently applied a presumption of arbitrability to a variety of labor disputes. *See Carpenters District Council v. Brady Corp.*, 513 F.2d 1 (10th Cir. 1975); *Automobile Workers v. Folding Carrier Corp.*, 422 F.2d 47 (10th Cir. 1970); and *Johnson Builders, Inc. v. United Brotherhood of Carpenters, Local 1095*, 422 F.2d 137 (10th Cir. 1970). More specifically, the Tenth Circuit following *John Wiley* has held that procedural defenses should be passed on by the arbitrator when the substance of the underlying dispute is found to

be arbitrable. *See Folding Carrier Corp., supra.*

The strong national policy favoring arbitration of labor disputes is based in part on the desire to utilize the "common law of the shop" and the expertise of the arbitrator in applying that "law" to labor disputes. As *Reid Burton* recognized, that expertise is not helpful when the question of laches involves an alleged abuse of the judicial process. However, the common law of the shop is needed in the case at bar, where the issue involves interpretation of a collective bargaining agreement's grievance procedure and the effect of a union member's alleged failure to comply with the applicable time limits. An arbitrator with a ready familiarity with the operation of a plant such as defendant's is in a better position to decide these questions than is this court.

Without expressing any opinion regarding the merits of defendant's laches defense, I find that this dispute should proceed to arbitration without further delay. It is therefore

ORDERED that plaintiff's motion for summary judgment be, and the same hereby is, granted and defendant's motion for summary judgment be, and the same hereby is, denied. It is further

ORDERED that defendant proceed forthwith to arbitration of plaintiff's discharge in accordance with the provisions of the 1975 Collective Bargaining Agreement between Great Western Sugar Company and Teamsters, Warehousemen and Sugar Workers Local Unions.