BEER, SOFT DRINK, WATER, FRUIT JUICE, CARBONIC GAS, LIQUOR SALES DRIVERS, HELPERS, INSIDE WORKERS, BOTTLERS, WAREHOUSEMEN, SCHOOL, SIGHTSEEING, CHARTER BUS DRIVERS, GENERAL PROMOTIONAL EMPLOYEES OF AFFILIATED INDUSTRIES, LOCAL UNION NO. 744, Affiliated With the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Plaintiffs-Appellees,

v.

METROPOLITAN DISTRIBUTORS, INC. and Metropolitan Distributors South, Inc., Defendants-Appellants.

No. 84-1553.

United States Court of Appeals, Seventh Circuit.

Argued April 15, 1985.

Decided May 30, 1985.

Marvin Gittler, Asher, Pavalon, Gittler, Greenfield & Segall, Ltd., Chicago, Ill., for plaintiffs-appellees.

James R. Sneider, Sneider & Troy, Chicago, Ill., for defendants-appellants.

Before FLAUM and EASTERBROOK, Circuit Judges, and DUMBAULD, Senior District Judge.*

FLAUM, Circuit Judge.

The issue presented in this case is whether the district court should have decided if a grievance in a labor dispute was timely filed after the district court had found that the employer had agreed to arbitrate the subject matter of the grievance or whether the timeliness issue should have been reserved for the arbitrator. The district

* The Honorable Edward Dumbauld, Senior District Judge for the Western District of Pennsyl- vania, is sitting by designation.

court granted the plaintiff union's motion for summary judgment to compel arbitration of its severance pay claims, thereby reserving the timeliness issue for the arbitrator to decide. On appeal, we affirm the decision of the district court.

## I.

The plaintiff union (the "union") and the defendants Metropolitan Distributors, Inc. and Metropolitan Distributors South, Inc. ("Metropolitan") entered into a collective bargaining agreement covering the period from May 1, 1979, through April 30, 1982. On September 4, 1981, Metropolitan decided to cease distributing various malt beverage products to retailers in the Chicago area and proceeded to discharge all of its union employees. On September 8, 1981, Metropolitan entered into agreements with ten new distributors for the distribution of its products. On the same day, the new distributors hired the vast majority of Metropolitan's former employees.

On October 5, 1981, several former Metropolitan employees filed grievances pursuant to their collective bargaining agreement with Metropolitan, alleging that Metropolitan had violated the agreement by failing to provide certain severance pay. Metropolitan received notice of the grievances on October 7, 1981. In addition to these grievances, between December 1981 and April 1982, over ninety former employees filed claims for severance and vacation pay with the Illinois Department of Labor. Following hearings before the Illinois Department of Labor, the vacation pay dispute was finally resolved in December 1982 in a suit brought in Illinois state court. The severance pay dispute continued, and on December 23, 1982, eighty-four former employees sued Metropolitan in the United States District Court for the Northern District of Illinois, seeking severance pay. In addition, two former employees brought a class action suit against Metropolitan for severance pay in the United States District Court for the Northern District of Illinois on February 8, 1983.

On April 15, 1983, the union filed suit in the United States District Court for the Northern District of Illinois to demand and compel Metropolitan to submit its members' severance pay claims to arbitration pursuant to section 301 of the Labor Management Relations Act. 29 U.S.C. § 185 (1982). On May 20, 1983, Metropolitan filed a motion to dismiss the union's complaint and, in the alternative, requested summary judgment, claiming that it should not be compelled to submit to arbitration when the union had not followed the procedural prerequisites to arbitration outlined in the collective bargaining agreement. The union also filed a motion for summary judgment and attorneys' fees on June 14, 1983. On March 19, 1984, the district court granted the union's motion for summary judgment, but denied its request for attorneys' fees. The district court held that Metropolitan had agreed to arbitrate the subject matter of the dispute, but that the district court was not the appropriate forum to decide whether the grievances were timely filed and pursued. The district court ordered the parties to present the severance pay claims to an arbitrator.

On appeal, Metropolitan contends that the district court erroneously granted the union's motion for summary judgment in that the court should have decided for itself whether the union employees' grievances were timely filed rather than referring that issue to an arbitrator.

## II.

According to Rule 56(c) of the Federal Rules of Civil Procedure, a district court shall grant a party's motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Weit v. Continental Illinois National Bank and Trust Co.,* 641 F.2d 457, 461 (7th Cir.1981), *cert. denied,* 455 U.S. 988, 102 S.Ct. 1610, 71 L.Ed.2d 847 (1982). Applying this legal

standard to the present case, we affirm the district court's grant of summary judgment to the union.

In granting the plaintiff union's motion for summary judgment, the district court followed the Supreme Court's holding in *John Wiley and Sons, Inc. v. Livingston,* 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964), that once a court determines that the parties to a collective bargaining agreement are obligated to submit the subject matter of their dispute to arbitration, then any procedural questions growing out of the dispute and bearing on its final disposition should be left to the arbitrator. In that case, the Retail, Wholesale, and Department Store Union brought an action under section 301 of the Labor Management Relations Act to compel arbitration of the issue of whether a new employer that had just merged with the original party to the collective bargaining agreement was also required to recognize the agreement. *Id.* at 544–46, 84 S.Ct. at 911–12. The new employer argued in response that the court should decline to compel arbitration because the union had failed to follow the procedural prerequisites to arbitration. *Id.* at 555–56. In particular, the new employer claimed that the union had not (1) followed steps one and two of the grievance procedure which required conferences between the employer and the affected employee or the union before the dispute was to be submitted to arbitration, and (2) filed its grievance with the employer during the four-week period following the occurrence of the event giving rise to the grievance. *Id.* at 555–56 & n. 11, 84 S.Ct. at 917–18 & n. 11.[1] Since issues regarding whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow such procedures negates the duty to arbitrate generally cannot be resolved without also considering the merits of the dispute, the Court concluded that procedural questions should be submitted to the arbitrator following a determination by a court that the parties are required to submit the subject matter of the controversy to arbitration. *Id.* at 557, 84 S.Ct. at 918.[2] In distin-

1. The collective bargaining agreement provided that if a party failed to file a grievance within the four-week time period following the incident giving rise to the grievance, then such failure would be deemed an abandonment of the grievance. *John Wiley and Sons, Inc. v. Livingston,* 376 U.S. 543, 556 n. 11, 84 S.Ct. 909, 917 n. 11, 11 L.Ed.2d 898 (1964).

2. *See also Washington Hosp. Center v. Service Employees Int'l Union,* 746 F.2d 1503 (D.C.Cir. 1984); *Automotive Employees Union v. Town and Country Ford, Inc.,* 709 F.2d 509 (8th Cir. 1983); *Hospital and Institutional Workers Union Local 250 v. Marshall Hale Memorial Hosp.,* 647 F.2d 38 (9th Cir.1981); *In re Arbitration between Bressette and International Talc Co.,* 527 F.2d 211 (2d Cir.1975); *Tobacco Workers Int'l Union v. Lorillard Corp.,* 448 F.2d 949 (4th Cir.1971); *International Union v. Folding Carrier Corp.,* 422 F.2d 47 (10th Cir.1970); *Chambers v. Beaunit Corp.,* 404 F.2d 128 (6th Cir.1968); *Palestine Tel. Co. v. International Bhd. of Elec. Workers,* 379 F.2d 234 (5th Cir.1967); *Retail Clerks Int'l Ass'n v. Woodman's Food Market, Inc.,* 371 F.2d 199 (7th Cir.1966); *Trailways of New England, Inc. v. Amalgamated Ass'n of Street Employees,* 343 F.2d 815 (1st Cir.), *cert. denied,* 382 U.S. 879, 86 S.Ct. 164, 15 L.Ed.2d 120 (1965). *But see Philadelphia Printing Pressmen's Union No. 16 v. International Paper Co.,* 648 F.2d 900 (3d Cir.1981)

(holding that a union's failure to reduce its grievance to writing as required by a collective bargaining agreement did not involve the issue of procedural arbitrability and that therefore the district court was correct in declining to compel arbitration). The court in *Philadelphia Printing* reasoned that the filing of a written grievance was not a mere procedural formality to be dispensed with unilaterally, but rather a prerequisite in order to permit a dispute to ripen into a grievance. 648 F.2d at 904 & n. 7.

In the present case, Metropolitan argues that the holding in *Philadelphia Printing* dictates a reversal of the district court's decision to compel arbitration because the union's failure to timely file was not a mere procedural formality, but rather a prerequisite to permit the dispute to ripen into a grievance. *Philadelphia Printing* does not necessitate a reversal of the district court's decision in this case, however, but rather supports that decision. The court in *Philadelphia Printing* noted that its holding did not apply to a case where the union's only failure to comply with the grievance provisions was procedural such as by delaying to submit a grievance. *Id.* at 904 n. 7. Since the present case merely involves a procedural default in not timely filing a written grievance, we conclude that even *Philadelphia Printing* supports the district court's decision to compel arbitration.

guishing substantive from procedural arbitrability, the courts have held that substantive arbitrability refers to whether a dispute involves a subject matter that the parties have contractually agreed to submit to arbitration, while procedural arbitrability refers to whether particular grievance procedures apply to a dispute, whether the procedures have been followed or excused, and whether the unexcused failure to follow such procedures avoids a party's duty to arbitrate. *See, e.g., International Union v. Folding Carrier Corp.*, 422 F.2d 47, 49 (10th Cir.1970).

In a case similar to the present one, this circuit held that it was for an arbitrator to decide whether a union, in waiting nine months to file a grievance, had waived its right to arbitration under the collective bargaining agreement. *International Brotherhood of Electrical Workers v. Illinois Power Co.*, 357 F.2d 916, 918–19 (7th Cir.), *cert. denied*, 385 U.S. 850, 87 S.Ct. 78, 17 L.Ed.2d 79 (1966). The collective bargaining agreement in *Illinois Power* specifically provided that a grievance would be considered waived if not filed within five working days after the facts upon which the dispute was based first occurred or first became known. *Id.* at 918. In acknowledging that the Supreme Court in *Wiley* had resolved the conflict between the circuits as to whether issues involving procedural arbitrability were for the arbitrator or for the court, this circuit concluded that the arbitrator should determine the effect of the union's failure in that case to comply with the five-day time limitation and its failure to explain such noncompliance. *Id.* at 918–19.

■ Based upon the precedent outlined above, we affirm the district court's conclusion that the union's alleged failure to submit its members' grievances within the time limitations specified in the collective bargaining agreement is an issue of procedural arbitrability which should be re-served for the arbitrator.[3] Since it is clear that the parties are obligated to submit the subject matter of their dispute concerning severance pay to the arbitrator as provided in the collective bargaining agreement and decided by the district court, we conclude that under *Wiley* any procedural issues dealing with the timeliness of the union's filing of the grievances should be presented to the arbitrator.

■ In addition to arguing that the union's failure to timely file its members' grievances required the district court to deny the union's motion to compel arbitration, Metropolitan argues that the union waived any right that it might have had to arbitration when its members elected to pursue numerous administrative and judicial proceedings instead of resorting to the grievance procedures provided for in the collective bargaining agreement. We hold that this question should also be reserved for the arbitrator to decide. In *International Union of Operating Engineers v. Flair Builders, Inc.*, 406 U.S. 487, 92 S.Ct. 1710, 32 L.Ed.2d 248 (1972), the Supreme Court held that once a court finds that the parties to a collective bargaining agreement are obligated to arbitrate their dispute and that the agreement extends to "any difference" between them, then a claim by one of the parties that the particular grievance is barred by the equitable defense of laches is a question for the arbitrator to decide. The Court reasoned that it was for the arbitrator to decide whether the grievance was barred by laches because the parties had agreed to submit "any difference" to arbitration, thereby declining to limit the sweep of the language or to except any particular class of dispute from arbitration. *Id.* at 491–92, 92 S.Ct. at 1712–13. *See also International Union of Operating Engineers v. Altex Ready Mix Concrete Corp.*, 529 F.Supp. 479, 481–82 (M.D.La.), *aff'd*, 683 F.2d 416 (5th Cir.1982); *Cincinnati Bengals, Inc. v.*

---

**3.** The parties disagree as to the filing limitation applicable to this case: the five-day filing limitation for grievances relating solely to the discharge or discipline of an employee or the thir-ty-day filing limitation for all other grievances. Since we find that procedural issues such as these should be reserved for the arbitrator, we decline to decide which limitation applies.

*Thompson,* 553 F.Supp. 1011, 1017 (S.D. Ohio 1983).[4]

In the present case, we hold that the issue of whether the equitable defense of waiver bars the union's right to arbitration as a result of its members' decision to pursue some of their claims in administrative and judicial proceedings is also a question for the arbitrator to decide. As in *Flair Builders,* article 47 of the collective bargaining agreement in the present case provides that the agreement applies to all differences between the parties. Since we affirm the district court's conclusion that the union and Metropolitan are obligated to arbitrate the subject matter of their dispute and since their collective bargaining agreement extends to any dispute between them, we hold that the arbitrator should determine whether the equitable defense of waiver bars the union's severance pay claims.

In conclusion, the district court's grant of summary judgment for the union is affirmed.[5]

**4.** In several cases where the courts have held that it is proper for a court to determine whether one party to a collective bargaining agreement has waived its right to arbitration because it has pursued its dispute in administrative or judicial proceedings rather than in arbitration, the party who has pursued such action has been the same party who subsequently seeks to enforce its right to arbitration. *See, e.g., Ohio-Sealy Mattress Mfg. Co. v. Kaplan,* 712 F.2d 270 (7th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 509, 78 L.Ed.2d 698 (1983); *Jones Motor Co. v. Chauffeurs, Teamsters and Helpers Local Union,* 671 F.2d 38 (1st Cir.), *cert. denied,* 459 U.S. 943, 103 S.Ct. 257, 74 L.Ed.2d 200 (1982); *Reid Burton Constr., Inc. v. Carpenters Dist. Council,* 614 F.2d 698 (10th Cir.), *cert. denied,* 449 U.S. 824, 101 S.Ct. 85, 66 L.Ed.2d 27 (1980). In the present case, however, Metropolitan's former employees pursued their claims for severance and vacation pay before the Illinois Department of Labor and in state and federal court, while the union itself has continually attempted to have its members' claims resolved through the procedures outlined in the collective bargaining agreement.

**5.** The union also claims that it is entitled to an award of attorneys' fees in its suit to compel arbitration in the district court and on appeal pursuant to Rule 39(a) of the Federal Rules of Appellate Procedure, arguing that Metropoli-

tan's refusal to arbitrate the union's grievances was sufficiently frivolous and unreasonable to warrant such an award. In *Washington Hosp. Center v. Service Employees Int'l Union,* 746 F.2d 1503 (D.C.Cir.1984), the court awarded a union attorneys' fees incurred in pursuing its suit to compel arbitration against an employer when the employer refused to arbitrate certain grievances because of the union's alleged failure to follow the collective bargaining agreement's procedural prerequisites. In applying the abuse of discretion standard to uphold the district court's award of attorneys' fees to the union, the court reasoned that the employer's position was frivolous and unreasonable since it made no attempt to distinguish its case from the facts in *Wiley* and since it did not even begin to draw analogies between its case and the facts in *Philadelphia Printing,* 648 F.2d at 904. 746 F.2d at 1510 & n. 9, 1511–13. In contrast to the employer in *Washington Hospital,* Metropolitan did attempt in the proceeding below and on appeal to distinguish *Wiley* and to raise the additional argument that the union had waived its right to compel arbitration. Since we do not find that Metropolitan's position in the district court or on appeal in opposing the union's right to arbitration was frivolous or unreasonable, we affirm the district court's denial of attorneys' fees for district court work and decline to award the union attorneys' fees for appellate work.