**Monty D. DENHARDT,**
**Plaintiff-Appellant,**

v.

**TRAILWAYS, INC., Defendant-Appellee.**

No. 84–1998.

United States Court of Appeals,
Tenth Circuit.

July 9, 1985.

D.D. Hayes, Muskogee, Okl., for plaintiff-appellant.

Leonard Singer of Watson, Ess, Marshall & Enggas, Kansas City, Mo., for defendant-appellee.

Before BARRETT, SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Monty D. Denhardt brings this appeal from the trial court's grant of summary judgment in favor of Trailways. The appellant worked as a bus driver for Trailways. He was a union member and a collective bargaining agreement was in effect between the union and Trailways which provided for arbitration procedures.

Trailways suspended the appellant. The union requested a hearing on the appellant's behalf but the hearing took place more than ten days after the request. The appellant attended the hearing under protest asserting that the hearing was untimely under the collective bargaining agreement. Specifically, he pointed to Article 16, Section 8, of the contract:

> "Within ten (10) days after the written grievance has been delivered to the Company representative, the aggrieved Employee will be accorded a hearing, if requested...."

Because of the asserted failure to comply with the time requirements for a hearing, the appellant urged that the provisions of Article 16, Section 12(A), were triggered to relieve him of the necessity of submitting his dispute to arbitration. The section stated:

> "The failure of the Company or the Union to comply with the time limits as heretofore set out in Article 15 and this Article [Article 16], unless the parties agree in writing to extend or waive the limitations, will result in the forfeit of the case and it will be deemed closed."

Trailways' representative rejected the appellant's arguments at the initial hearing and rendered a decision against him. The appellant instructed the union not to submit the dispute to arbitration. However, the affidavits in the summary judgment record indicate that the union did in fact institute arbitration proceedings. After Trailways' arbitrator found the appellant's discharge was based on "sufficient and just cause," the union chose to drop the matter by not taking the next step in the arbitration process. Subsequently the appellant brought this action under 29 U.S.C. § 185(a).

Trailways moved for summary judgment; it argued that as a matter of law the appellant's exclusive remedy under the collective bargaining agreement was arbitration. The appellant, on cross-motion for summary judgment, countered that the contract

language disclosed that the time requirements were not subject to arbitration. The appellant argued he could justifiably treat the case as closed and proceed to seek relief in federal court.

Thus the single issue before the trial court was whether the time requirements in the contract were subject to arbitration. Article 16, Section 11, sets out the arbitration procedures. The Article as a whole does not provide for any method other than arbitration for dispute resolution. Article 16, Section 14, which the trial court found dispositive, states that arbitration is the exclusive means for resolving grievances.

"*Only Means for Settling Disputes:* It is understood and agreed that the provisions of this Article and Article 15 shall be the sole and exclusive means of settling any dispute or controversy arising out of the application of [sic] interpretation of this Contract." (Italics in original.)

The plain meaning of the section is that the arbitration procedures of Article 16 are controlling with regard to "any" dispute stemming from the interpretation or application of the collective bargaining agreement. The trial court concluded that the language of Section 14 indicated that procedural issues such as the time requirements were subject to arbitration. Under the contract the appellant was required to submit his claims concerning the timeliness of the hearing and the propriety of his discharge to the arbitrators, not to the courts. Therefore the appellant was precluded as a matter of law from seeking a judicial resolution of his grievances.

Collective bargaining agreements have been characterized as more than mere contracts. *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 578, 80 S.Ct. 1347, 1350, 4 L.Ed.2d 1409 (1960). An agreement is a "generalized code" intended to deal with a variety of unanticipated situations. *Id.* at 578, 80 S.Ct. at 1351. Hence the scope of the grievance and arbitration procedures must be broad. The narrow judicial inquiry is limited to determining whether the parties committed a particular dispute to arbitration. "In the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail...." *Id.* at 584–85, 80 S.Ct. at 1354.

In the present case we find no evidence of any purpose to exclude procedural disputes from arbitration. The language of the arbitration clause is sweeping. The forfeiture provision contained in the time requirements was for the arbitrator alone to apply. Doubts will be resolved in favor of coverage by an arbitration clause. *Id.* at 583, 80 S.Ct. at 1353. *See also Carpenters District Council v. Brady Corporation,* 513 F.2d 1 (10th Cir.1975); *Johnson Builders, Inc. v. United Brotherhood of Carpenters and Joiners,* 422 F.2d 137 (10th Cir.1970). Relevant case law dealing with similar procedural questions demonstrates that this dispute falls within the ambit of the arbitration procedures. It appears that the hearing date was the product of an agreement between the union and the Company and related to the availability of a witness. If there was a waiver of the time requirement this would be a matter for arbitration with the substantive dispute.

The appellant argues that the procedural dispute as to the time requirements is beyond the scope of the arbitration process. The contract is not susceptible to such an interpretation. There is no "positive assurance" in the language of the collective bargaining agreement that a dispute over the failure to meet procedural requirements in non-arbitrable. *See United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409. The appellant also fails to acknowledge the interrelation of procedural and substantive issues in labor disputes. While the federal courts recognize their differences, it is well-settled that procedural questions are arbitrable if the underlying substantive question is arbitrable as well. *See, e.g., International Union v. Folding Carrier Corp.,* 422 F.2d 47, 49 (10th Cir.

1970); *Nelson v. Great Western Sugar Co.,* 440 F.Supp. 928, 929 (D.Colo.1977).

■ Substantive arbitrability is concerned with the question of whether the parties have contractually agreed to submit a particular dispute to arbitration. The courts decide this question because no one must arbitrate a dispute unless he has so consented. *See Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 241, 82 S.Ct. 1318, 1320, 8 L.Ed.2d 462 (1962).

■ Procedural arbitrability concerns such issues as "whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate." *John Wiley & Sons v. Livingston,* 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964). The Court held in *Wiley* that because procedural questions are often inextricably bound up with the merits of the dispute, they should also be decided by the arbitrator. Secondly, the adjudication of procedural questions by the courts would needlessly delay the resolution of the dispute. Thus the court's role is limited to determining whether the parties submitted the "subject matter" of a particular dispute to arbitration. If so, then any attendant procedural issues are for the arbitrator as well. *Id.* at 557, 84 S.Ct. at 918. *See also Automotive, Petroleum and Allied Industries Employees Union v. Town and Country Ford,* 709 F.2d 509, 511 (8th Cir. 1983).

We must conclude that the procedural dispute as to compliance with this time limit for conducting the hearing was a matter for arbitration. There is no forceful indication of an intent to exclude these procedural matters from arbitration. The arbitration clause in the contract is in all-encompassing terms. Accordingly, the appellant's sole remedy was to proceed to arbitrate both his substantive claim and its attendant procedural aspect. The appellant cannot resort to the federal courts for the resolution of issues which have been contractually reserved for the arbitrator

alone. *Republic Steel v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580; *NLRB v. Northeast Oklahoma City Manufacturing Co.,* 631 F.2d 669, 673 (10th Cir.1980). Summary judgment for Trailways was proper.

AFFIRMED.