## GENERAL DRIVERS, WAREHOUSE-MEN AND HELPERS, LOCAL UNION 89, Plaintiff–Appellee,

v.

## MOOG LOUISVILLE WAREHOUSE, Defendant–Appellant.

No. 87–5516.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 26, 1988.

Decided July 27, 1988.

Rehearing and Rehearing En Banc Denied Sept. 30, 1988.

Ivan H. Rich, Jr., Barnett and Alagia, Louisville, Ky., for defendant-appellant.

Alton D. Priddy, Hardy, Logan, Priddy and Cotton, Louisville, Ky., for plaintiff-appellee.

Before ·KRUPANSKY and WELLFORD, Circuit Judges, and GILMORE * District Judge.

WELLFORD, Circuit Judge.

This case involves interpretation of a collective bargaining agreement. The agreement includes a grievance and arbitration clause which covers disputes or grievances arising from alleged violations. Defendant Moog Louisville Warehouse, Inc. ("Moog") discharged a member of the plaintiff union who protested his discharge through the procedurally defined grievance steps up to the final stage of arbitration. Moog refused the demand for arbitration, contending that the request made was untimely and therefore rendered the grievance not arbitrable. The union brought this action to compel Moog to arbitrate. The district court decided in a brief memorandum that the timeliness of filing the arbitration request was itself a question "to be determined by the arbitrator," and granted the plaintiff union judgment on the pleadings. He cited three cases in support of this conclusion, one from the Supreme Court, one from this circuit, and one from a district court. We conclude that it was error to compel arbitration for the reasons hereafter stated.

The first case cited, *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), sets out a proposition, frequently cited:

> "Under our decisions, whether or not the company was bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties."

376 U.S. at 546–47, 84 S.Ct. at 912–13 (quoting *Atkinson v. Sinclair Refining*

*Co.,* 370 U.S. 238, 241, 82 S.Ct. 1318, 1320, 8 L.Ed.2d 462 (1962)).

The Court goes on to elaborate:

> The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty. Thus, just as an employer has no obligation to arbitrate issues which it has not agreed to arbitrate, so *a fortiori,* it cannot be compelled to arbitrate if an arbitration clause does not bind it at all.

*Id.,* 376 U.S. at 547, 84 S.Ct. at 913.

The court must, then, first decide in this case whether Moog has agreed under the terms of the collective bargaining agreement to arbitrate a claim that Moog asserts not to be arbitrable. We examine, therefore, the agreement that sets out the mutual understanding of the parties. The pertinent provisions of the agreement are:

> *Section 1*—Any disputes, complaints or grievances arising from alleged violations of this Agreement by the Company shall be settled and determined through the following procedure.
>
> Step (b)—If a grievance is not settled at Step (a) of the grievance procedure, it shall, within five (5) working days, be reduced to writing, and presented to the Company. An officer or other official of the Company (together with such associates. as he may wish to assist him in the matter) and a Business Representative or officer of the Union (together with such associates as he may wish to assist him in the matter) shall, within five (5) working days, attempt to settle the grievance, and the Company shall thereafter, within five (5) working days, give the Union its answer to said grievance in writing;
>
> Step (c)—If the grievance is not then satisfactorily settled and if the grievance is otherwise arbitrable under this Agreement, it may be referred to arbitration in strict accordance with the provisions of this Agreement pertaining to arbitration,

---

* The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation.

but not otherwise, provided, however, that if the Union fails to notify the Company in writing by registered or certified United States mail within 15 calendar days after the Company gives its answer in writing to a grievance at Step (b) of the grievance procedure, above, then the Union shall be conclusively presumed to have accepted the Company's answer thereto and said grievance shall not thereafter be arbitrable.

. . . .

*Section 4*—No grievance shall be arbitrable unless it involves an alleged material violation by the Company of one or more specific provisions of this Agreement, which alleged violation shall be designated in writing by the Union to the Company no later than the time such grievance is appealed to Step (b) of the grievance procedure hereinbefore set forth.

■ The question in this case is whether Moog is bound to arbitrate a grievance when and if there is an expressed conclusive presumption that the union's failure to pursue that grievance for fifteen days beyond Step (b) renders the grievance "thereafter [not to be] arbitrable." We do not construe the plain language of the substantive part of the agreement in dispute to compel arbitration unless the timeliness condition has been met; thus we reverse the decision of the district court. *John Wiley & Sons, supra,* does not indicate a different result. *See Philadelphia Printing Pressmen's Union No. 16 v. International Paper Co.,* 648 F.2d 900 (3d Cir. 1981), which seems to adopt the rationale of the dissenting opinion of Judge Rosenn in *Local Union #765 v. Stroehmann Bros. Co.,* 625 F.2d 1092 (3d Cir.1980).

*Local 12934 of Int'l Union District 50, U.M.W. v. Dow Corning Corp.,* 459 F.2d 221, 224 (6th Cir.1972), cited by the district court, held that "procedural matters arising out of that [collective bargaining agreement] dispute are for the arbitrator, not the courts, to determine." The defendant

employer, Dow Corning, in that case claimed that procedural requirements for arbitration had not been met. No specific provision in the collective bargaining agreement, or particularly in the arbitration clause itself, that would bar arbitration altogether for an untimely filed claim was relied upon in that case.[1]

A presumption of arbitrability does apply "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Communication Workers of America v. Michigan Bell Telephone Co.,* 820 F.2d 189, 191 (6th Cir. 1987) (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960)). More important, however, "the question of arbitrability—whether a collective-bargaining agreement creates a duty for the parties to arbitrate *the particular* grievance—is undeniably an issue for *judicial* determination." *AT & T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986) (emphasis added) (citing *Warrior & Gulf,* 363 U.S. at 582–83, 80 S.Ct. at 1352–53).

*AT & T Technologies* discussed the holding of *John Wiley & Sons:*

> The "threshold question" there was whether the court or an arbitrator should decide if arbitration provisions in a collective-bargaining contract survived a corporate merger so as to bind the surviving corporation. *Id.* [376 U.S.] at 546, 84 S.Ct., at 912. The Court answered that there was "no doubt" that this question was for the courts. " 'Under our decisions, whether or not the company was bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties." ... The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining

---

**1.** The third case relied upon by the district court, *U.M.W. v. Jericol Mining, Inc.,* 492 F.Supp. 132 (E.D.Ky.1980), also did not involve a con-

tractual provision similar to the one in the instant case, which purports to withdraw altogether from arbitration a late filed claim or notice.

agreement does in fact create such a duty." *Id.* at 546–547, 84 S.Ct., at 912–913 (citations omitted).

475 U.S. at 649, 106 S.Ct. at 1419.

Doubts about whether "the arbitration clause ... covers the asserted dispute ... should be resolved in favor of coverage." *Id.* at 650, 106 S.Ct. at 1419 (quoting *Warrior & Gulf,* 363 U.S. at 582–83, 80 S.Ct. at 1353). It seems clear, however, and without any reasonable doubt, that the arbitration section of the agreement between these parties excludes a grievance about which the union has failed to give notice, as required by Step (c), of a request for arbitration within 15 days after the company has given its answer to a grievance brought by the union.[2] Moog, under the Supreme Court precedent above discussed, cannot be required to submit to an arbitrator for decision a matter expressly and "with positive assurance" excluded from arbitration. The language of the grievance and arbitration provision is a substantive exclusion of a particular type of grievance declared "not ... thereafter ... arbitrable."

In *Oil, Chemical & Atomic Workers' Int'l Union, Local 4–447 v. Chevron Chemical Co.,* 815 F.2d 338 (5th Cir.1987), the language of the arbitration clause provided, in event of untimely notification, that the claim would be "considered abandoned." *Id.* at 339 n. 1. That a claim would be deemed "abandoned" is a different thing from saying, as does the collective bargaining agreement under consideration, that the union shall be "conclusively presumed to have accepted" the company's position "and said grievance *shall not* thereafter be *arbitrable.*" (Emphasis added). The comparison of the language of the Moog contract provision with that in *Chevron Chemical* makes it evident that the latter provision was not as clear and unambiguous about the intent of the parties concerning nonarbitrability as in the instant case.[3]

In *Denhardt v. Trailways, Inc.,* 767 F.2d 687, 689 (10th Cir.1985), the court found "no 'positive assurance' in the language of the collective bargaining agreement that a dispute over the failure to meet procedural requirements i[n] [sic] non-arbitrable." As above indicated, there is express language to that effect in the Moog union agreement, distinguishing this situation from *Denhardt* as from *Chevron Chemical.*

We do not disagree with the conclusion reached in *Automotive, Petroleum & Allied Industries Employees Union, Local No. 618 v. Town & Country Ford, Inc.,* 709 F.2d 509, 514 (8th Cir.1983), that "[u]nder *Wiley,* the district court's role is limited to the determination of whether the parties are obligated to submit the 'subject matter' of a dispute to arbitration," since we construe the "subject matter" of the dispute in the instant case to be whether or not the union filed a timely notice of arbitration under the specific language of the collective bargaining agreement. *Chambers v. Beaunit Corp.,* 404 F.2d 128 (6th Cir.1968), unlike the situation before us, involved a case in which the parties *both agreed* to submit to an arbitrator the question whether an employee had involuntarily resigned or been terminated contrary to company rules. Plaintiff employee in *Beaunit* unsuccessfully appealed from the district court's adverse determination that it lacked jurisdiction to hear the case, and we simply held that it would not impeach the arbitrator's decision. *Chambers* does not direct, much less compel, a decision in this case to affirm the district court in our view.

■ It is the language of the agreement itself that must first be examined by the court to determine arbitrability and the clear agreement of the parties circumscribes the inquiry. *District 50, U.M.W. v. Chris-Craft Corp.,* 385 F.2d 946, 949–50 (6th Cir.1968); *see also Butler Products v. Unistrut Corp.,* 367 F.2d 733 (7th Cir. 1966). Nor do we find *Communications*

---

**2.** Section 3 of the arbitration clause also specifically provides that the company is *not* required to arbitrate alleged violations of the agreement by the union or by any covered employee.

**3.** *Beer, Soft Drink, Water, etc., Loc. U. No. 744 v. Metropolitan Distributors, Inc.,* 763 F.2d 300 (7th Cir.1985), is similar in effect to *Chevron Chemical Co., supra,* and similarly distinguishable.

*Workers of America v. Michigan Bell Telephone Co.,* 820 F.2d 189 (6th Cir.1987) to be in conflict with this decision. That case did not deal with the type of contract language here involved; rather, the parties agreed by arbitration clause language to submit to arbitration "any controversies regarding interpretation of the contract." *Id.* at 193. *Local Union #370 v. Morrison-Knudsen Co.,* 786 F.2d 1356 (9th Cir. 1986), cited in the dissent as contrary, we find not to be controlling here because timeliness of filing was not at issue. *Compare California Trucking Ass'n v. Brotherhood of Teamsters,* 679 F.2d 1275 (9th Cir.1981), *cert. denied,* 459 U.S. 970, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982).

We recognize that there are conflicting decisions in the circuits whether untimely filed requests for arbitration should be referred to the arbitrator or whether they may be disposed of by the court. See the dissent of Justice White in respect to denial of a petition for certiorari in *United Steelworkers of America v. Cherokee Electric Coop.,* —— U.S. ——, 108 S.Ct. 1601, 99 L.Ed.2d 915 (1988) following a summary disposition of the case in 829 F.2d 1131 (11th Cir.1987).

 We have discussed briefly the authority cited by the district court and by the plaintiff to show that the key inquiry under *AT & T Technologies, supra,* and the earlier Supreme Court cases is what the contract, and particularly the arbitration section of the contract, may say about arbitrability. The fact that there is a general agreement, under certain circumstances, to afford arbitration as a last resort is not controlling. The court must first determine from the contract provisions dealing with arbitration, the particular grievances that are intended to be subject to arbitration. It will not do to characterize something as "procedural" and conclude automatically that "procedural" matters are for the arbitrator *if the parties have specified otherwise* in the arbitration section itself. *AT & T Technologies* has put it best by stating plainly that whether a contract cre-

ates a duty to arbitrate a particular grievance is an issue for the courts to decide. 475 U.S. at 649, 106 S.Ct. at 1418. We believe that the contractual language in this case clearly indicates that the particular grievance in dispute is excluded from arbitration unless the court first finds that the union met the conditions precedent to arbitration.

For the reasons stated, we reverse the order of the district court compelling arbitration at this juncture, and remand for further proceedings consistent with this opinion.

GILMORE, District Judge, dissenting.

I respectfully dissent from the Court's opinion in the within matter. It appears to me that the language of the collective bargaining agreement here at issue, coupled with the arbitrability of the substantive issue of appellant's asserted improper discharge supports the district court's decision that the procedural issue of timeliness was within the exclusive jurisdiction of the arbitrator, who rejected arbitration because appellant's grievance was untimely filed. I therefore feel the district court should be affirmed.

It is hornbook law that, unless a collective bargaining agreement indicates by "the most forceful evidence" an intention to exclude a matter from arbitration, the matter should be presumed arbitrable. *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 585, 80 S.Ct. 1347, 1354, 4 L.Ed.2d 1409 (1960). The presumption of arbitrability applies "unless it can be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Communications Workers of America v. Michigan Bell Telephone Co.,* 820 F.2d 189 (6th Cir.1987) (quoting *United Steelworkers,* 363 U.S. at 582–83, 80 S.Ct. at 1352–53).

Appellant claims that the arbitration clause of the collective bargaining agreement excludes the issue of procedural timeliness from consideration of the arbitrator.[1]

---

1. The section in question reads as follows:

Step (c)—If the grievance is not then satisfac-

Accordingly, appellant argues that the procedural timeliness of a grievance is an issue to be decided by the court.

I clearly disagree with the majority's adopting this position. It appears to me that the majority's interpretation of the collective bargaining agreement is misplaced.

Numerous courts have considered the precise issue at bar, and have universally concluded that procedural disputes involving timeliness are within the jurisdiction of the arbitrator. *See Oil, Chemical and Atomic Workers' International Union, Local 4–447 v. Chevron Chemical Company*, 815 F.2d 338 (5th Cir.1987); *Local Union 370 of the International Union of Operating Engineers v. Morrison–Knudsen Company, Inc.*, 786 F.2d 1356, 1358 (9th Cir.1986); *Denhardt v. Trailways, Inc.*, 767 F.2d 687, 689 (10th Cir.1985); *Beer, Soft Drink, Water, et al. v. Metropolitan Distributors, Inc., et. al.*, 763 F.2d 300, 302 (7th Cir.1985); *Automotive, Petroleum and Allied Industries Employees Union, Local No. 618, v. Town & Country Ford, Inc.*, 709 F.2d 509, 514 (8th Cir.1983); *Chauffeurs, Teamsters and Helpers, Local Union No. 765 v. Stroehmann Brothers Company*, 625 F.2d 1092 (3d Cir.1980).

And this Court, in *Chambers v. Beaunit Corporation*, 404 F.2d 128, (6th Cir.1968), held:

> The arbitrator in the present case never considered the merits of plaintiff's claim because he held that the grievance was untimely filed. The question of whether a grievance is timely filed is a procedural question, which, under the Supreme Court's holding in *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898, is left to the arbitrator for decision.

*Id.* at 131.

It is clear to me that if the substantive issues of the grievance are arbitrable under

torily settled and if the grievance is otherwise arbitrable under this Agreement, it may be referred to arbitration in strict accordance with the provisions of this Agreement pertaining to arbitration, but not otherwise, provided, however, that if the union fails to notify the Company in writing by registered or certified United

the collective bargaining agreement, then the procedural issue of timeliness is exclusively within the jurisdiction of the arbitrator.

For these reasons, I dissent from the decision of the majority, and would affirm the district court.