963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 LOCAL 7 UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL
UNION, Plaintiff-Appellant,
v.
ALBERTSON'S INC., a Delaware corporation, Defendant-Appellee.
 No. 91-1266.
 United States Court of Appeals, Tenth Circuit.
 May 26, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 United Food and Commercial Workers Union, Local No. 7 (Union) appeals the district court's grant of summary judgment holding that Albertson's, Inc. is not required to arbitrate certain grievances. The issue presented is whether Albertson's is required to arbitrate a dispute alleging that it violated the grievance and arbitration procedure. We exercise jurisdiction under 28 U.S.C. § 1291, vacate the judgment of the district court, and remand for further proceedings consistent with this order and judgment.
 
 
 3
 The Union and Albertson's are parties to various collective bargaining agreements covering grocery store workers. Procedures for resolving disputes are set forth in each of the agreements. The agreements contain the following arbitration clause:
 
 
 4
 Should any dispute or complaint arise over the interpretation or application of this Agreement, there shall be an earnest effort on the part of the parties to settle such promptly through the following steps, and failure to follow the procedures set forth shall result in forfeiture of the grievance.
 
 
 5
 Appellant's App., Art. 49, § 133 of Exhibits M, N, O, P, and Q; Art. 49, § 128 of Exhibits R and S; Art. 45, § 123 of Exhibits T, U, V, W, X, Y, Z, and AA.
 
 
 6
 This dispute began when the Union filed various grievances on behalf of individual Union members, alleging violations of the collective bargaining agreement.[1] According to the Union, Albertson's failed to cooperate in selecting arbitrators to arbitrate those grievances. Consequently, the Union filed grievances alleging that Albertson's had violated the contract clause requiring prompt settlement of disputes. The district court characterized the subject grievances as "group grievances" and determined that Albertson's had not agreed to process the initial grievances in the extraordinary manner of grouping them together for more efficient processing.
 
 
 7
 The parties agreed that no genuine issue of material fact exists. Both moved for summary judgment. Therefore, we examine whether either party is entitled to summary judgment as a matter of law. Employee Trustees of Eighth Dist. Elec. Pension Fund v. Employer Trustees of Eighth Dist. Elec. Pension Fund, 959 F.2d 176, 179 (10th Cir.1992). We review de novo the legal determinations of the district court. Id.; accord Dennis L. Christensen Gen. Bldg. Contractor, Inc. v. General Bldg. Contractor, Inc., 952 F.2d 1073, 1076 (9th Cir.1991).
 
 
 8
 Collective bargaining agreements are more than mere contracts; they are intended to address a variety of unanticipated situations. Denhardt v. Trailways, Inc., 767 F.2d 687, 689 (10th Cir.1985). The collective bargaining agreement covers the entire employment relationship. United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 579 (1960). "It calls into being a new common law--the common law of a particular industry or of a particular plant." Id. Arbitration is "part and parcel of the collective bargaining process itself." Id. at 578. The grievance procedure is a part of the continuous collective bargaining process. Id. at 581. The national labor policy is to settle labor disputes by arbitration. United Steelworkers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596 (1960); accord John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 549 (1964).
 
 
 9
 The question of arbitrability is for judicial resolution. AT & T Technologies, Inc. v. Communications Workers of Am., 475 U.S. 643, 649 (1986). In deciding whether the dispute is subject to arbitration, the court may not determine the merits of the grievance. United Steelworkers of Am. v. American Mfg. Co., 363 U.S. 564, 569 (1960).
 
 
 10
 Although a party cannot be required to arbitrate that which he has not agreed to submit to arbitration, Warrior & Gulf, 363 U.S. at 582, "[d]oubts should be resolved in favor of coverage." Id. at 583. If a contract includes an arbitration clause, there is a presumption of arbitrability. AT & T Technologies, 475 U.S. at 650. The dispute is arbitrable unless it can be said with positive assurance that the arbitration clause is not susceptible to an interpretation covering the dispute. Warrior & Gulf, 363 U.S. at 582-83. "In the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail...." Id. at 584-85; accord AT & T Technologies, 475 U.S. at 650 (quoting Warrior & Gulf, 363 U.S. at 584-85); see also Garcia v. Eidal Int'l Corp., 808 F.2d 717, 721 (10th Cir.1986) (bargaining agreement contained a comprehensive arbitration clause; because there was no evidence of an "intention to exclude controversies arising from transactions such as the one involved in this action, arbitration would ordinarily be appropriate"), cert. denied, 484 U.S. 827 (1987); cf. General Drivers, Warehousemen & Helpers v. Moog Louisville Warehouse, 852 F.2d 871, 875 (6th Cir.1988) ("[T]he contractural language in this case clearly indicates that the particular grievance in dispute is excluded from arbitration unless the court first finds that the union met the conditions precedent to arbitration.").
 
 
 11
 The presumption of arbitrability is particularly applicable where the arbitration clause is broad, covering "interpretation of [the] contract or the performance of any obligation [thereunder]." AT & T Technologies, 475 U.S. 650; accord Dennis L. Christensen Gen. Bldg. Contractor, Inc., 952 F.2d at 1077 (broad arbitration clause, "all disputes concerning the interpretation or application of [the agreements]," invoked presumption of arbitrability). Here, because the arbitration clause is very broad, covering "any dispute or complaint ... over the interpretation or application of this Agreement," and because there exists no specific contract term excluding this dispute from arbitration, arbitration is required unless Albertson's adduces " 'the most forceful evidence' " from the bargaining history that this dispute is not subject to arbitration. See AT & T Technologies, 475 U.S. at 650, 654-55 (Brennan, J., concurring) (quoting Warrior & Gulf, 363 U.S. at 584-585). Therefore, we remand for an examination of the bargaining history for "the most forceful evidence" excluding this dispute from the broad arbitration clause. If such forceful evidence is lacking, then "the court will have exhausted its function, except to order the reluctant party to arbitration." American Mfg. Co., 363 U.S. at 571 (Brennan, J., concurring).
 
 
 12
 Albertson's asserts that there are no terms of the contract for the arbitrator to construe, thereby granting unlimited authority to the arbitrator. Appellee's Br. at 9-10. We determine that the terms for the arbitrator's interpretation and application are "earnest effort" and "to settle such [disputes or complaints] promptly." Albertson's may well be correct that the Union cannot unilaterally impose time limits for the selection of arbitrators. Nonetheless, under a broad arbitration clause, the question is for the arbitrator to decide. Dennis L. Christensen Gen. Bldg. Contractor, Inc., 952 F.2d at 1078. "The parties have committed the resolution of [any dispute] arising under the agreements to arbitration. We must respect that decision." Id.
 
 
 13
 The judgment of the United States District Court for the District of Colorado is VACATED, and the cause is REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The subject matter of the initial grievances is immaterial to the issue raised here. Albertson's has never refused to arbitrate those grievances