**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 10, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10053

_____

LOCAL UNION NO. 898 OF THE INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, AFL-CIO

Plaintiff-Appellant

versus

XL ELECTRIC, INC.

Defendant-Appellee

_____

Appeal from the United States District Court for

the Western District of Texas

_____

Before KING, Chief Judge, DENNIS, Circuit Judge, and LYNN,[*]
District Judge.

DENNIS, Circuit Judge:

Local Union No. 898 of the International Brotherhood of
Electrical Workers ("the Union") appeals the district court's
judgment refusing to enforce an arbitration award against XL
Electric, Inc.  We affirm.

**BACKGROUND**

_____

[*] District Judge of the Northern District of Texas, sitting
by designation.

1

In August 1994, XL Electric signed a Letter of Assent-A, a pre-hire agreement allowed under section 8(f) of the National Labor Relations Act ("NLRA"), with the Red River Valley Chapter of the National Electrical Contractors Association ("Red River") authorizing it to act as XL Electric's representative for collective bargaining with the Union. The Letter of Assent-A ("Letter") was effective from June 1, 1997 to May 31, 2000 and bound XL Electric to the Inside Agreement ("Agreement") between Red River and the Union. The Letter provided that it would remain in effect until termination by written notice to Red River at least 150 days prior to the current anniversary date of the Agreement, which was May 31, 2000.

The Agreement contained an interest arbitration clause that provided for the timely submission of unresolved negotiation issues to arbitration. This clause stated:

> Unresolved issues in negotiations that remain on the 20th of the month preceding the next regular meeting for the Council on Industrial Relations, may be submitted jointly or unilaterally by the parties to this Agreement to the Council for adjudication prior to the anniversary date of the Agreement.

Agreement at § 1.02.

On November 12, 1999, more than 150 days prior to the anniversary date, XL Electric sent a letter to Red River and the Union stating, "This letter is to inform you that we will not be bound by any new agreements entered into between NECA and the IBEW.

2

We will negotiate our own agreement." This letter also included several proposals and terms that XL Electric wanted to negotiate. The parties continued to exchange proposals in an attempt to reach a new agreement.

The parties never reached a new agreement, and on July 10, 2000, XL Electric sent the Union a letter informing it that their relationship had ended on June 1, 2000 when the Letter of Assent-A had expired. Before the Letter's expiration, XL Electric abided by the terms of the Letter by paying the wage and benefits required by the Agreement. After the Letter expired, XL Electric began hiring employees not referred from the Union hiring hall and changed the wages and benefits it paid. In addition, Dean Hunt, the XL Electric Vice President, told its electricians that they would no longer be receiving benefits under a union contract.

In August 2000, the Union submitted the unresolved issues between itself and XL Electric to the Council on Industrial Relations ("CIR"), the interest arbitration panel for the electrical contracting industry, pursuant to the interest arbitration clause. On August 15, 2000, the CIR found that although XL Electric followed the proper procedure for terminating the Letter, it did not properly terminate the Agreement. Accordingly, the CIR held that XL Electric was bound by a new Inside Agreement, which was effective from June 1, 2000 to May 31, 2003. Although XL Electric challenged the finding, the CIR issued

3

this as its final decision.

When XL Electric refused to be bound by the CIR decision, the Union filed the present suit on June 25, 2001, to enforce the terms of the interest arbitration award under section 301 of the NLRA. After a bench trial, the district court denied the Union's request for enforcement on November 26, 2002. The district court concluded that XL Electric was not bound by the interest arbitration clause after the Letter expired on May 31, 2000. The court therefore held that the panel award was not enforceable. The Union timely appealed.

**ANALYSIS**

*Standard of Review*

In reviewing a district court's decision on whether the parties agreed to submit their dispute to arbitration, we accept findings of fact that are not "clearly erroneous" but review questions of law *de novo*. *First Options v. Kaplan*, 514 U.S. 938, 947-48 (1995).

*The question of arbitrability is a question for the court.*

The threshold, and in this case determinative, question is whether this dispute was subject to a valid agreement to arbitrate. As the district court noted, the question of arbitrability is a question for the court. *See Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 208-09 (1991) ("Whether an employer is contractually

required to arbitrate a dispute is a matter to be determined by the court, and a party cannot be forced to 'arbitrate the arbitrability question.'") (citing *AT&T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 651 (1986)).  This is true even if answering the arbitrability question requires a construction of the contract. *Id.*

The Union conversely argues that we are instead faced with a question of timeliness, which is a procedural question properly decided by the arbitrator.  The Union cites a number of cases for the proposition that procedural issues should be decided by the arbitrator.  *See, e.g.*, *John Wiley and Sons, Inc. v. Livingston*, 376 U.S. 543 (1964); *Oil, Chemical & Atomic Workers Int'l Union, Local 4-447 v. Chevron Chem. Co.*, 815 F.2d 338 (5th Cir. 1987); *Local No. 406, Int'l Union of Oper. Eng'rs v. Austin Co.*, 784 F.2d 1262, 1264-65 (5th Cir. 1986); *Alabama Power Co. v. Local Union No. 391, IBEW*, 612 F.2d 960 (5th Cir. 1980); *General Drivers, Warehousemen & Helpers, Local Union 89 v. Moog Louisville Warehouse,* 852 F.2d 871 (6th Cir. 1988).  The Union attempts to classify the present situation as presenting a timeliness issue that is thus procedural and should have been determined by the arbitrator.

But the cases relied on by the Union are distinguishable because those cases all concern grievances submitted to arbitration

pursuant to a valid collective bargaining agreement. In those cases, the courts determined that there was a valid agreement to arbitrate the grievance at issue. The "procedural question" generally within the province of the arbitrator refers to the question of whether the union properly followed the requirements for invoking arbitration under the valid collective bargaining agreement. Here, by contrast, we are faced with the threshold question of whether there is a valid agreement in place under which the Union's grievance can be arbitrated. As noted above, this arbitrability question is a question for the court. The fact that the inquiry involves timing does not automatically classify it as a procedural question within the province of the arbitrator. Thus, the district court did not err in undertaking an analysis of whether the dispute between XL Electric and the Union was subject to the Agreement.

*The arbitration clause only provided for issues to be submitted to arbitration while the Agreement was effective.*

Again, section 1.02(d) of the Agreement provided: "Unresolved issues in negotiations ... may be submitted ... by the parties to this Agreement to the Council for adjudication *prior to the anniversary date of the Agreement*." Because the arbitrator found that the Agreement was not terminated, the arbitrator concluded that this agreement to arbitrate was in effect when the Union submitted the unresolved issues to arbitration in August of 2000.

6

Conversely, because the district court determined that the Agreement was terminated no later than May 31, 2000, the district court concluded that under the plain terms of the arbitration provision the parties could not submit claims to arbitration after that date.

The Union contends that the district court's construction of this provision was incorrect. The Union argues that because the arbitration provision was permissive, not mandatory, it was not required to submit claims to arbitration prior to the anniversary date of the Agreement. This argument is not persuasive. The discretionary nature of the provision simply conveys that the parties are not required to arbitrate if they do not choose to do so. It does not mean that the time limitation within the provision is irrelevant. Accordingly, the question of whether there is an agreement to arbitrate depends on whether the Agreement was terminated.

*The Union has made no argument challenging the district court's conclusion that the Agreement expired before the Union submitted the unresolved negotiation issues to arbitration.*

The district court held that both the Letter and the Agreement were terminated no later than May 31, 2000. The arbitrator found that although XL Electric properly terminated the Letter, it did not properly terminate the Agreement. The arbitrator did not explain the basis for this determination beyond making the

7

conclusory statement that the requirements of Sections 1.02(a) and 1.02(f) had not been fulfilled.  And on appeal the Union has only argued that the question at hand was a procedural question to be answered by the arbitrator.  The Union has not made any argument challenging the merits of the district court's ultimate conclusion that the Agreement was properly terminated.  The Union thus waived any argument along those lines, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993), and the district court's conclusion that the Agreement had expired stands.  Because the Agreement and by extension the arbitration provision expired before the Union submitted the renegotiation issues to arbitration, the dispute was not arbitrable.  We therefore AFFIRM the judgment of the district court refusing to enforce the arbitration award.

## CONCLUSION

Because the question of arbitrability was properly a question for the district court and the district court's conclusion that the Agreement, including the arbitration provision, terminated has not been challenged, we AFFIRM the district court's judgment refusing to enforce the arbitration award.

8