United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20863
Summary Calendar

RICHARD SANCHEZ; RICHARD SANCHEZ, as next friend of A S

Plaintiffs-Appellants,

versus

ABBOTT LABORATORIES INC; ET AL

Defendants

ABBOTT LABORATORIES INC; MEDLINE INDUSTRIES INC

Defendants-Appellees

--------------------
Appeal from the United States District Court
for the Souther District of Texas, Houston
USDC No. 4:03-CV-1820
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Richard Sanchez appeals the district court's order granting Defendants-Appellees' motion for summary judgment. We review summary judgments *de novo* and apply the same standard as the district court. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 349 (5th Cir. 2005).

Appellant filed suit in this case because his severely

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disabled ten-year-old child became seriously ill.  He attributed his child's illness to the feeding tube food manufactured by Appellee Abbott Laboratories Inc. and shipped by Appellee Medline Industries Inc.  In granting the motion to dismiss, the district court found that proximate causation had not been shown between any potential contamination or spoilage of the food and the child's subsequent illness.  Appellant's brief advances several arguments regarding what he argues were improper exclusions of witness testimony and an affidavit by the district court.  The district court concluded, though, that even if the evidence had been admitted, it still failed to show proximate causation of the child's illness.

Appellant's brief concerns itself with admission of the testimony and the affidavit and does not meaningfully contest the independent causation ground for summary judgment.  *See* FED. R. APP. P. 28(a)(9)(A) ("[T]he argument . . . must contain appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.").  We thus deem the argument to be conceded.  *See Local Union No. 898 of the Int'l Bhd. of Elec. Workers v. XL Elec., Inc.*, 380 F.3d 868, 871 (5th Cir. 2004) ("The Union has not made any argument challenging the merits of the district court's ultimate conclusion that the Agreement was properly terminated. The Union thus waived any argument along those lines . . . .");  *Green v. State Bar*, 27 F.3d 1083, 1089 (5th Cir. 1994) ("A party

who inadequately briefs an issue is considered to have abandoned the claim."). Therefore, we affirm.

AFFIRMED.